# 2006 DTA 79

**TRIBUNAL DE APELACIONES**
**REGION JUDICIAL DE SAN JUAN—PANEL III**

PLAZA LAS AMERICAS, INC.
Apelada

v.

AL GARETE, INC. H/N/C: REKOVEKO Y NOEMÍ PEREZ HERNANDEZ
Apelante

Núm. KLAN-2004-00912

San Juan, Puerto Rico, a 5 de mayo de 2006

Panel integrado por su Presidente, el Juez Rivera Román,
y los Jueces López Feliciano y Varona Méndez

Rivera Román, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Nos corresponde resolver si procede dictar sentencia parcial contra un deudor solidario en rebeldía cuando el otro deudor solidario comparece al Tribunal, invoca sus defensas y se opone a ciertas partidas reclamadas.

Por entender que erró el Tribunal de Primera Instancia (en adelante T.P.I.) al dictar la sentencia, se revoca la misma.

### I

Plaza Las Américas, Inc. presentó una demanda en cobro de dinero contra Al Garete, Inc., h/n/c Recoveko (en adelante Al Garete, Inc.) y la señora Noemí Pérez Hernández el 7 de marzo de 2003. En la demanda se alega el incumplimiento con el pago de los cánones mensuales en un contrato de arrendamiento. La reclamación incluye cánones adeudados y las penalidades dispuestas en el contrato por tal incumplimiento. Se alega, además, la responsabilidad solidaria de la señora Pérez Hernández en cuanto a la deuda de Al Garete, Inc. por ésta haber suscrito un contrato de garantía solidaria a favor de Plaza Las Américas, Inc.

Previo a contestar la demanda, la señora Pérez Hernández procuró obtener información de los expedientes de Plaza Las Américas con relación al contrato de arrendamiento objeto de la reclamación para poder formular sus alegaciones. Tras varios intentos sin lograr acceso a los mismos, solicitó prórroga para contestar la demanda. No obstante, el T.P.I. dictó sentencia en rebeldía el 24 de junio de 2003, que luego reconsideró y dejó sin efecto y aceptó la contestación a la demanda presentada por la señora Pérez Hernández.

En su contestación, la señora Pérez Hernández alegó no tener deuda con Plaza Las Américas ni responsabilidad solidaria por cualquier deuda que Al Garete, Inc. pudiera tener con aquélla. Alegó, además, que Plaza Las Américas compareció al Tribunal con manos sucias, sin actuar de buena fe y sin haber mitigado daños, entre otras. Paralelamente, la señora Pérez inició un descubrimiento de prueba contra Plaza Las Américas que no ha sido contestado.

Plaza Las Américas emplazó al codemandado, Al Garete, Inc. el 30 de mayo de 2003. Al Garete, Inc. solicitó prórroga para contestar la demanda el 20 de junio de 2003 y, transcurrido el término de 30 días solicitado, no formuló alegación responsiva. Plaza Las Américas solicitó que se dictara sentencia parcial en rebeldía mediante moción de 26 de agosto de 2003, en contra de Al Garete, Inc. Esta fue la segunda solicitud de sentencia parcial en rebeldía, puesto que anteriormente, el 23 de junio, había solicitado el mismo remedio. Apéndice de Oposición, pág. 2.

Eventualmente, compareció Al Garete, Inc. a contestar la demanda y aceptó que adeuda una cantidad de dinero sin poder establecer el monto de la cantidad reclamada. En su contestación invoca que la responsabilidad sobre la demanda recae sobre la co-demandada, señora Pérez Hernández. Apéndice de la Oposición, págs. 15-16.

Plaza Las Américas remitió un interrogatorio a Al Garete, Inc. y, al éste no contestar, solicitó la imposición de sanciones. El T.P.I. ordenó el 17 de febrero de 2004 a Al Garete, Inc. que justificara su dilación en contestar la demanda y le concedió 10 días para contestar el interrogatorio.

Así las cosas, el abogado de Al Garete, Inc. presentó su renuncia a la representación legal. El T.P.I. autorizó el relevo y concedió a Al Garete, Inc. 20 días para anunciar su nueva representación legal. Le apercibió, además, que de no cumplir con la Orden de 17 de febrero de 2004, dictaría sentencia en rebeldía.

Plaza Las Américas radicó una moción con fecha de 28 de mayo de 2004 mediante la cual solicitó que se dictara la sentencia en rebeldía habiendo transcurrido más de 70 días sin que Al Garete, Inc. cumpliera con la orden del T.P.I. y por no haber contestado los interrogatorios que se le habían cursado en octubre de 2003. Apéndice de la Apelación, págs. 142-143.

Finalmente, el T.P.I. dictó sentencia parcial en la cual declaró con lugar la reclamación contra Al Garete, Inc. y le ordenó pagar la suma principal de $214,561.44 por concepto de rentas, cánones de arrendamiento ascendentes a $14,363.52 y otros gastos, al interés al tipo legal de 5% que devengue cada canon de arrendamiento vencido más los cargos por demora. La sentencia incluye, en la última oración del primer párrafo, una partida de costas y $21,500 para honorarios. Sin embargo, de forma contradictoria, en la última oración de la sentencia el tribunal expresamente dispone que *"la misma se dicta sin especial imposición de costas ni honorarios de abogado"*. Apéndice de la Apelación, págs. 149-150.

Inconforme con la determinación, la señora Pérez Hernández presentó un recurso de apelación y alegó que erró el T.P.I. al no abstenerse de dictar sentencia en rebeldía contra Al Garete, Inc. mientras no se le brindara a ella, como codemandada y garantizadora de la deuda, la oportunidad de demostrar que no son de aplicación las cláusulas penales del contrato de arrendamiento. Objetó, además, el monto de las partidas otorgadas y la legalidad de las mismas reclamando que el T.P.I. debió reconocer que Plaza Las Américas no actuó de buena fe y que era necesario celebrar una vista evidenciaria antes de conceder las partidas y cláusulas penales incorporadas en el contrato. Han comparecido ambas partes y estamos en condiciones de disponer del caso.

## II
### A. Sentencia parcial contra un codemandado en rebeldía

La Regla 17.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, permite acumular como codemandados a todas las personas que tengan en común cuestiones de hecho o de derecho que surgen de un mismo acto, evento u omisión. La regla permite, además, que un demandante incluya a varias personas como demandadas cuando no tiene certeza de cuál de ellas es responsable. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, San Juan, Ed. Michie of Puerto Rico, Inc., 1997, pág. 117.

Cuando un litigio se refiere a más de una reclamación o partes múltiples, el Tribunal podrá dictar sentencia parcial en cualquier momento para adjudicar una de varias controversias o resolver respecto a los derechos y obligaciones de cualquiera de los codemandados. Regla 43.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III; *Medio Mundo, Inc. v. Amparo Rivera*, **2001 J.T.S. 88**; *Díaz v. Navieras de P.R.*, 118 D.P.R. 297, 301-302 (1987). Para que una sentencia parcial sea final, el Tribunal deberá expresar que no existe razón para posponer dictar sentencia y ordenar su registro. *Asociación de Propietarios v. Santa Bárbara Co.*, 112 D.P.R. 33, 40 (1982). La sentencia parcial dictada y notificada conforme a derecho pone fin al litigio entre las partes de forma que no queda otra cosa pendiente que la ejecución de la misma. *Cárdenas Maxán v. Rodríguez*, 119 D.P.R. 642, 655 (1987); *Camaleglo v. Dorado Wings, Inc.*, 118 D.P.R. 20, 26 (1986).

Por otro lado, la Regla 45.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, establece que cuando una parte contra quien se solicita una sentencia deja de presentar sus defensas y alegaciones el tribunal podrá anotar su rebeldía. La anotación de rebeldía de una parte demandada tiene el efecto de dar por admitidas las alegaciones de la demanda bien hechas contra esa parte. 32 L.P.R.A. Ap. III, R. 45.1; *Álamo v. Supermercado Grande, Inc.*, 158 D.P.R. ___ (2002), **2002 J.T.S. 124**; *Continental Ins. Co. v. Isleta Marina*, 106 D.P.R. 809, 815 (1978).

La admisión de los hechos bien alegados en una demanda no priva al tribunal de evaluar si, en virtud de tales hechos no controvertidos, existe una causa de acción válida que justifique la concesión de un remedio. *Continental Ins. Co. v. Isleta Marina, supra*, en la pág. 816. En las palabras del Tribunal Supremo:

*"Resulta obvio que los tribunales no son meros autómatas obligados a conceder indemnizaciones por estar dilucidándose un caso en rebeldía. Para el descargo de tan delicado ministerio, la ley reconoce que el proceso de formar conciencia judicial exige la comprobación 'de cualquier aseveración' mediante prueba. A tal efecto, el tribunal 'deberá celebrar las vistas que crea necesarias y adecuadas.' Y con referencia a una parte demandada en rebeldía —que ha comparecido previamente—, le cobija el derecho a conocer del señalamiento, asistir a la vista, contrainterrogar los testigos de la parte demandante, impugnar la cuantía y apelar la sentencia. No renuncia a las defensas de falta de jurisdicción ni de que la demanda no aduce hechos constitutivos de una causa de acción en favor del reclamante. En otras palabras, un trámite en rebeldía no garantiza per se, una sentencia favorable al demandante; el demandado no admite hechos incorrectamente alegados como tampoco conclusiones de derecho."* [Citas omitidas]. *Id.*, en la pág. 817.

En nuestra jurisdicción existe una clara política pública de que los casos sean resueltos en sus méritos. *Sierra Quiñones v. Rodríguez Luciano*, 163 D.P.R. ___ (2005), **2005 J.T.S. 21**; *Ghigliotti v. A.S.A.*, 149 D.P.R. 902, 915 (2000); *Rivera Santana v. Superior Parking, Inc.*, 132 D.P.R. 115, 124 (1992). En otras palabras, no se favorecen las sentencias dictadas en rebeldía. *Neptune Packing Corp. v. Wackenhut Corp.*, 120 D.P.R. 283, 293 (1988); *Imp. Vilca, Inc. v. Hogares Crea, Inc.*, 118 D.P.R. 679, 686 (1987).

Bajo cualquier circunstancia cuando se reclaman daños generales debe celebrarse una vista para poner al juez sentenciador en posición de determinar su cuantía. *Ruiz Rivas v. Colegio San Agustín*, 152 D.P.R. ___ (2000), **2000 J.T.S. 159**.

## B. Deudores solidarios

El Artículo 1090 del Código Civil, 31 L.P.R.A. sec. 3101, define las obligaciones solidarias como la concurrencia de dos o más acreedores o de dos o más deudores con respecto a una misma obligación. Cuando existen dos o más acreedores (solidaridad activa), el deudor quedará liberado si cumple su obligación con cualquiera de ellos. Cuando existe pluralidad de deudores (solidaridad pasiva), el único acreedor tiene derecho a exigir a cualquiera de los deudores el pago íntegro de la obligación. *Id.*

En las obligaciones solidarias coexisten dos relaciones jurídicas: una relación externa entre la parte acreedora y la parte deudora y otra relación interna entre los distintos acreedores o distintos deudores. J. Puig Brutau, *Fundamentos de Derecho Civil*, 4ta ed., Barcelona, Ed. Bosch, 1988, T. I, Vol. II, pág. 151. La relación externa se caracteriza por la unidad de objeto. Esto es, existe una sola obligación que cualquiera de los acreedores puede exigir en su totalidad y que cada deudor está obligado a prestar íntegramente. *Compolieto v. Anaya*, 142 D.P.R. 582, 596 (1998). En la relación interna cada uno de los acreedores y deudores es acreedor y deudor de su parte. *Id.*

La solidaridad pasiva es más frecuente que la solidaridad activa por cuanto ofrece al acreedor mayor garantía de cobrar su acreencia dirigiendo su acción de cobro contra el codeudor solidario más solvente. J. Puig Brutau, *op. cit*, pág. 152. El cumplimiento de la obligación por cualquiera de los deudores extingue el crédito y libera a los demás frente al acreedor. No obstante, en la relación interna, el saldo de la obligación por un deudor no exime de responsabilidad a los demás. Una vez realizado el pago, aquél que cumple con la obligación puede exigir de los demás la parte que a ellos corresponda. *Campolieto v. Anaya, supra.*

En nuestro ordenamiento no existe presunción de solidaridad. Dispone el propio Artículo 1090, *supra*, que sólo habrá lugar a la solidaridad *"cuando la obligación expresamente lo determine"*. La solidaridad existe por voluntad de los interesados o por disposición de ley. J. Puig Brutau, *op. cit*, pág. 154.

## C. Cláusula penal

La cláusula penal en las obligaciones sustituye la indemnización en daños y el abono de intereses que pueda tener el acreedor en caso de que el deudor incumpla con su obligación. Artículo 1106 del Código Civil, 31 L.P.R. A. sec. 3131. No obstante, en *Jack's Beach Resort, Inc. v. Cía Turismo*, 112 D.P.R. 344, 349 (1982) el Tribunal Supremo señaló que la cláusula penal no siempre tiene como finalidad la liquidación anticipada de los daños, sino que cumple una función coercitiva que apremia al deudor al cumplimiento.

El rigor o la excesiva onerosidad de las cláusulas penales ha ocasionado que, con frecuencia, los tribunales modifiquen la pena acordada al amparo del Artículo 1108 del Código Civil, 31 L.P.R.A. sec. 3133. *Class Downing v. Vehicle Equipment Leasing Co.*, 143 D.P.R. 186, 205 (1997); *Jack's Beach Resort v. Cía. Turismo*, *supra*, en la pág. 350. Basado en el principio de equidad y siguiendo la doctrina y jurisprudencia española, el Tribunal Supremo enunció la facultad de los tribunales de moderar la pena en situaciones extraordinarias:

*"La facultad de moderación debe usarse sólo con gran cautela y notoria justificación. Al resultado de frenar el predominio absoluto de la autonomía de la voluntad, bien moderando los efectos de los contratos, ya limitando su obligatoriedad según normas de buena fe, ha de ligarse únicamente en circunstancias extraordinarias, como medio de templar su excesiva onerosidad para el obligado, o la desorbitada desproporción." Id.*

El propósito no es despojar al acreedor de su derecho a recibir una indemnización por los daños sufridos como consecuencia del incumplimiento del deudor, sino de evitar el abuso y la desproporción. *Class Downing v. Vehicle Equipment Leasing Co.*, *supra*, pág. 206.

### III

Las obligaciones solidarias suponen que cada uno de los deudores será responsable por la totalidad de la deuda frente al acreedor. Una sentencia parcial que ordena a un deudor solidario satisfacer una obligación necesariamente vincula a los demás deudores solidarios.

El debido proceso de ley exige que todos los posibles deudores de una misma acreencia sean incluidos en el pleito de manera que tengan la oportunidad de presentar sus defensas y alegaciones. Cuando la reclamación trata de una cantidad no determinada o ilíquida cobra mayor importancia la necesidad de celebrar una vista evidenciaria.

Recordemos que la cláusula penal funciona como una indemnización preacordada por los daños que podría sufrir un acreedor ante el incumplimiento del deudor de una obligación. No obstante, el Tribunal podrá, en casos apropiados, modificar las cuantías establecidas luego de considerar el grado de incumplimiento del deudor, entre otros factores.

Al declarar a un codeudor solidario en rebeldía, el tribunal admitirá como ciertas todas las alegaciones bien hechas en la demanda. La anotación de rebeldía a uno de los codemandados no puede afectar adversamente a un codemandado que ha comparecido al Tribunal, solicita descubrimiento de prueba esencial para la determinación del monto de la deuda e invoca defensas contra la reclamación. Los deudores codemandados tienen derecho a invocar cualesquiera defensas o alegaciones para refutar las alegaciones contenidas en la demanda.

En su escrito de apelación, la señora Pérez Hernández sostiene que no es responsable por las deudas asumidas por Al Garete, Inc., pero que, en la eventualidad de que el T.P.I. declare la solidaridad entre ella y la empresa codemandada, la sentencia dictada contra ésta también le será vinculante. Como deudora solidaria de Al Garete, Inc., arguye, será responsable por la cantidad total imputada sin haber tenido la oportunidad de impugnar la procedencia de varias partidas, particularmente la que corresponde a la cláusula penal, y presentar prueba para demostrar la veracidad de sus alegaciones.

La señora Pérez Hernández tiene razón. El T.P.I. actuó correctamente al anotar la rebeldía contra Al Garete, Inc., pero no procedía fijar la cuantía hasta tanto todas las partes que pudieran verse afectadas por la sentencia tuvieran la oportunidad de confrontar la prueba y presentar evidencia en apoyo de sus alegaciones. La señora Pérez Hernández reiteradamente le planteó al T.P.I. que Plaza Las Américas no le contestaba el descubrimiento de prueba que le resultaba esencial para cuestionar la cuantía. El T.P.I. no actuó para que la parte cumpliera.

Erró el T.P.I. al imponer responsabilidad contra una parte que compareció al pleito, que negó los hechos, levantó defensas, requirió descubrimiento de prueba que no se le ha entregado y, por lo tanto, se le privó de la debida oportunidad para defenderse. En la circunstancia particular del caso no procedía dictar la sentencia parcial en rebeldía.

## IV

Por los fundamentos antes expuestos, revocamos la sentencia parcial dictada contra Al Garete, Inc. Se ordena al Tribunal de Primera Instancia tomar las acciones necesarias para que el descubrimiento de prueba concluya y celebre una vista evidenciaria de manera que la señora Pérez Hernández tenga la oportunidad de presentar prueba en apoyo de sus alegaciones.

Así lo pronunció el Tribunal y lo certifica la Secretaria.

Lcda. Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones