ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| HAYDEE SÁNCHEZ ORTÍZ<br>Apelante<br><br>v.<br><br>MARGARITA SÁNCHEZ ORTÍZ, su esposo FULANO DE TAL y la SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; EMMA IRIS SÁNCHEZ ORTÍZ su esposo MENGANO DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; SANDRA SÁNCHEZ ORTIZ, su esposo SUTANO DE TAL y la SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; GISELA SÁNCHEZ ORTÍZ, su esposo, MENGANO DE TAL y la SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; MARÍA DE LOURDES SÁNCHEZ ARGUINZONI; NADIA A. SÁNCHEZ; Y BANCO POPULAR DE PUERTO RICO<br>Apelados | KLAN202300726 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.:<br>FA2021CV00852<br><br><br>Sobre: Remedio Provisional (Regla 56.1) Impugnación de Declaratoria de Herederos, Sentencia, Declaratoria; Partición de Herencia y División y Adjudicación de Bienes Hereditarios; y Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de noviembre de 2023.

Comparece ante *nos*, Haydee Sánchez Ortiz y nos solicita que revisemos y revoquemos la *Sentencia* emitida el 3 de junio de 2023 y notificada el 6 de junio de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de Fajardo. Mediante dicho dictamen, el TPI declaró *Ha Lugar* la *Moción de Desestimación*, que presentó el Banco Popular de Puerto Rico (Banco Popular).

Número Identificador

RES2023_____

Por los fundamentos que expondremos a continuación, *desestimamos* el recurso de *Apelación* presentado.

**I.**

El 21 de octubre de 2021, Haydee Sánchez Ortiz presentó una *Demanda* en contra de Banco Popular y otros, sobre partición de herencia, división y adjudicación de bienes hereditarios, y daños y perjuicios. En apretada síntesis, alegó que el señor Pablo Sánchez Salamán, su padre, falleció intestado el 15 de febrero de 2014. Adujo que, a días del fallecimiento de su padre, fueron vaciadas y cerradas varias cuentas bancarias que este tenía en el Banco Popular. Manifestó que, el retiro de los fondos se llevó a cabo sin haberse presentado al banco un testamento o una declaratoria de herederos. Así pues, indicó que las demás coherederas tienen total posesión y control de los bienes muebles e inmuebles pertenecientes al caudal hereditario de su padre. Por lo cual, solicitó, entre otras cosas, la división y adjudicación de los bienes hereditarios y $40,000.00 por los daños ocasionados por el Banco Popular.

El 31 de enero de 2022, las codemandadas Margarita Sánchez Ortiz, Emma Iris Sánchez Ortiz, Sandra Sánchez Ortiz y Gisela Sánchez Ortiz, presentaron una *Contestación a Demanda y Reconvención.* A grandes rasgos, negaron los hechos de la *Demanda.* Señalaron que la parte apelante no ha realizado gestiones de buena fe para solucionar las controversias con relación al caso de epígrafe. Indicaron que, no desean continuar en indivisión, por lo que solicitaron que se proceda con el inventario, avalúo y división de bienes y deudas.

Posteriormente, el 28 de marzo de 2022, el Banco Popular presentó una *Moción de Desestimación.* Arguyó que procede la desestimación de la *Demanda* presentada en su contra por ausencia de una causa de acción que amerite la concesión de un remedio. Esbozó que los certificados de depósito que mantenía el señor Pablo Sánchez Salamán contenían fondos que también pertenecían –

indistintamente – a Emma Ortiz Ventura, Margarita Sánchez Ortiz o a Emma Iris Sánchez Ortiz. Explicó que, según surge de los documentos, Emma Ortiz Ventura, Margarita Sánchez Ortiz y Emma Iris Sánchez Ortiz, como titulares de los fondos, los retiraron. Añadió que no fue notificado del fallecimiento del señor Pablo Sánchez Salamán. Así, sostuvo que no había razón legal alguna para negarle el retiro de los fondos y el cierre de las cuentas a las personas que, bajo las disposiciones contractuales, eran dueñas de estas.

Oportunamente, el 9 de mayo de 2022, la parte apelante presentó un *Escrito en Oposición a la Moción de Desestimación [...].* En la misma, señaló que no procede la desestimación de la *Demanda* al amparo de la Regla 10.2 de Procedimiento Civil (32 LPRA Ap. V), pues los hechos bien alegados en esta justifican la concesión de un remedio a su favor. Esbozó que el Banco Popular permitió el retiro de los fondos sin que se le hubiera presentado una declaratoria de herederos ni testamento. Añadió que en un solo día se retiraron de las cuentas del señor Pablo Sánchez Salamán una cantidad aproximada de $70,000.00, luego de su fallecimiento y la institución bancaria no emitió ningún reporte o alerta relacionada a esta actividad sospechosa. Además, adujo que el Banco Popular sabía o debió saber que el acto de haber retirado todos los fondos del causante en menos de diez (10) días era una actividad sospechosa que se debía investigar. Consecuentemente, sostuvo que no procedía la desestimación de la causa de acción presentada en contra del Banco Popular.

Así las cosas, el 3 de junio de 2022, el TPI emitió una *Sentencia Parcial,* notificada el 6 de junio de 2022, mediante la cual desestimó la causa de acción que se presentó en contra del Banco Popular. En dicha *Sentencia Parcial,* el foro de instancia determinó que no existía una causa de acción que amerite un remedio contra

el Banco Popular, cuando no surge que dicha entidad incumplió con sus obligaciones contractuales para con los cotitulares, codueños y firmantes de las cuentas bancarias y de los certificados de depósito, al permitirles a estos retirar los fondos a los cuales tenían derecho. Asimismo, el TPI razonó que la *Demanda* carece de alegaciones de hechos demostrativos de que los fondos relacionados a dichas cuentas y certificados de depósito hayan sido retirados por personas distintas a sus cotitulares o codueños. Agregó que tampoco existen alegaciones de hechos demostrativos sobre que actuaciones u omisiones del banco le causaron daño a la apelante. Finalmente, el foro de instancia determinó que la *Demanda* carece de hechos demostrativos de que Banco Popular haya violentado alguna legislación o regulación al permitir el retiro de los fondos de cuentas y certificados de depósitos cuando dichos fondos no pertenecían solamente al causante, sino indistintamente.

El 21 de junio de 2022, la parte apelante presentó una *Solicitud de Reconsideración a Sentencia Parcial*. Luego de varios incidentes procesales, el 17 de julio de 2023, el TPI emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la *Solicitud de Reconsideración a Sentencia Parcial.*

Insatisfechos con esa determinación, el 16 de agosto de 2023, la parte apelante presentó un recurso de *Apelación* y señaló la comisión de los siguientes errores:

> **Primer error:**
> **Erró el TPI al desestimar la demanda contra el BPPR por vía de la Regla 10.2 de Procedimiento Civil, a pesar *[sic]* que los hechos bien alegados establecen la plausibilidad de la causa de acción de la Apelante, toda vez que la controversia planteada no versó – como entendió el TPI – en el derecho de un cotitular a retirar fondos en cuentas de tipo indistinto "y/o", sino en la omisión de deberes contractuales y estatutarios del Banco ante actividad sospechosa en la cuenta de persona fallecida.**
>
> **Segundo error:**
> **Erró el TPI al abusar de su discreción y desestimar con perjuicio la causa de acción de la Apelante contra el Banco.**

Examinado el recurso de *Apelación*, este Tribunal emitió una *Resolución* el 24 de agosto de 2023, concediéndole un término de treinta (30) días a la parte apelada para que expresara su posición al recurso. El 25 de septiembre de 2023, Banco Popular presentó una *Solicitud de Desestimación por Falta de Jurisdicción*. En esta, solicitó la desestimación del recurso de *Apelación* por falta de jurisdicción. Manifestó que la *Solicitud de Reconsideración a Sentencia Parcial* que presentó la parte apelante ante el foro de instancia no le fue notificada. Sostuvo que solo se le notificó a la representación legal de la parte apelante y al de la coheredera Margarita Sánchez Ortiz. Concluyó que la solicitud de reconsideración que presentó la apelante no interrumpió el término jurisdiccional de treinta (30) días para apelar la *Sentencia Parcial*.

Subsiguientemente, el 27 de septiembre de 2023, este Tribunal emitió una *Resolución* concediéndole un término de diez (10) días a la parte apelante para que expresara su posición a la solicitud de desestimación. El 10 de octubre de 2023, la parte apelante presentó un *Escrito en Cumplimiento de Orden*. A grandes rasgos, se opuso a la solicitud de desestimación que presentó Banco Popular. Indicó que con base en ese aparente e inusitado error del Sistema Unificado de Manejo y Administración de Casos (SUMAC), el Banco Popular pretende afectar sus derechos procesales, sustantivos y apelativos. Arguyó que el Banco Popular debió solicitar que el caso se devolviera al TPI con instrucciones para que se corrija el error interno de SUMAC. Aseveró que el Banco Popular pretende valerse de la aparente falla de SUMAC para alegar falta de jurisdicción y así evadir el proceso apelativo.

Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. La jurisdicción**

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos o controversias con efecto vinculante para las partes. *MCS Advantage, Inc. v. Fossas Blanco*, 2023 TSPR 8, 211 DPR ___ (2023). Así pues, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group, Inc. v. Oriental Bank*, 204 DPR 374 (2020).

Es norma reiterada en nuestro ordenamiento que la falta de jurisdicción sobre la materia no es susceptible de ser subsanada. *S.L.C. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007). La jurisdicción no se presume. La parte tiene que invocarla y acreditarla toda vez que, previo a considerar los méritos de un recurso, el tribunal tiene que determinar si tiene facultad para entender en el mismo. *Soc. de Gananciales v. A.F.F.,* 108 DPR 644 (1979). Lo anterior tiene el propósito de colocar al tribunal apelativo en condición de examinar su propia jurisdicción, lo cual es su obligación. *Ghigliotti v. A.S.A.,* 149 DPR 902 (2000). Además, los tribunales tenemos siempre la obligación de ser guardianes de nuestra propia jurisdicción, pues sin jurisdicción no estamos autorizados a entrar a resolver los méritos del recurso. *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345 (2003).

De conformidad con lo anterior, se entiende que un *recurso prematuro* es aquel presentado en la Secretaría de un tribunal apelativo antes de que éste tenga jurisdicción. *Hernández v. Marxuach Const. Co.*, 142 DPR 492 (1997). Consecuentemente, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357 (2001). Por tanto, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación, no ha habido

autoridad judicial o administrativa para acogerlo. *Juliá et al. v. Epifanio Vidal, S.E.*, *supra.*

Asimismo, los tribunales no tenemos discreción para asumir jurisdicción donde no la hay. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980). La falta de jurisdicción no puede ser subsanada, ni podemos arrogarnos la jurisdicción que no tenemos. *Maldonado v. Junta de Planificación,* 171 DPR 46 (2007). Incluso, aunque las partes no lo planteen, estamos obligados a velar por nuestra jurisdicción. *Lagares Pérez v. E.L.A.*, 144 DPR 601 (1997). Por tanto, un recurso prematuro nos impide entrar en sus méritos puesto que, en tales circunstancias, carecemos de jurisdicción. *Juliá et al. v. Epifanio Vidal, S.E.*, *supra.*

De conformidad con lo anterior, la Regla 83 de nuestro Reglamento, 4 LPRA Ap. XXII-B, la cual regula el desistimiento y la desestimación, nos da la facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción.

Así, también, es norma reiterada que el perfeccionamiento adecuado de los recursos ante este Tribunal debe observarse rigurosamente. *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011); *García Ramos v. Serrallés*, 171 DPR 250, 253 (2007).

### B. Notificación

La Regla 65 de Procedimiento Civil (32 LPRA Ap. V) regula la manera en que la Secretaría habrá de notificar las órdenes, resoluciones y sentencias que emita el foro de instancia. Así, la Regla 65.3 (a) de Procedimiento Civil, *supra*, dispone, entre otras cosas, que, inmediatamente después de archivarse en autos copia de la notificación del registro y archivo de una orden, resolución o sentencia, el Secretario o la Secretaria notificará tal archivo en la misma fecha a todas las partes que hayan comparecido en el pleito en la forma preceptuada en la Regla 67. Además, la precitada regla

dispone que "[e]l depósito de la notificación en el correo será aviso suficiente a todos los fines para los cuales estas reglas requieran una notificación del archivo en autos de una orden, resolución o sentencia".

Asimismo, el inciso (b) de la Regla 65.3 de Procedimiento Civil, *supra*, establece que el Secretario o la Secretaria notificará a la última dirección que se haya consignado en el expediente por la parte que se autorrepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9, toda orden, resolución o sentencia que de acuerdo con sus términos deba notificarse a las partes que hayan comparecido en el pleito.

Por su parte, la Regla 67.1 de Procedimiento Civil (32 LPRA Ap. V), establece que se notificará a todas las partes toda orden emitida por el tribunal y todo escrito presentado por las partes. La notificación se efectuará el mismo día en que se emita la orden o se presente el escrito. Íd.

Ahora bien, a tenor con las disposiciones antes citadas, nuestro máximo Foro ha interpretado que el término para acudir en alzada en un caso civil, tanto de una resolución interlocutoria como de una sentencia final, no comienza a transcurrir si el tribunal deja de notificar dicho dictamen a alguna de las partes. *Sánchez Torres v. Hospital Dr. Pila*, 158 DPR 255, 260 (2002). Es decir, para que se activen y comiencen a transcurrir los términos jurisdiccionales o de cumplimiento estricto para presentar una moción de reconsideración o un *certiorari* para que el tribunal apelativo revise una resolución u orden interlocutoria, es necesario que la notificación de la resolución u orden interlocutoria se haya hecho correctamente. Íd.

Así, para que un dictamen judicial adquiera validez legal no solo tiene que ser emitido, sino que también tiene que ser

debidamente notificado. *Caro v. Cardona*, 158 DPR 592 (2003). Ello pues adjudicarle efectos procesales a una determinación judicial no notificada trastocaría el andamiaje procesal y socavaría los cimientos del debido proceso de ley. Íd. Véase, además, *Rodríguez Mora v. García Llorens*, 147 DPR 305 (1998).

### III.

En el presente caso, la parte apelante presentó una *Demanda* en contra de Banco Popular y otros. Consecuentemente, antes de presentar la correspondiente alegación responsiva, el Banco Popular presentó una *Moción de Desestimación*. Subsiguientemente, el foro *a quo* emitió una *Sentencia Parcial* mediante la cual desestimó la causa de acción que se presentó en contra del Banco Popular, por entender que no existía una causa de acción que amerite la concesión de un remedio.

Inconforme con esa determinación, la parte apelante presentó una *Solicitud de Reconsideración a Sentencia Parcial*. Sin embargo, según surge del expediente ante *nos*, la solicitud de reconsideración que presentó la parte apelante no le fue notificada a la parte apelada. Así pues, la solicitud de reconsideración solo se le notificó a la representación legal de la parte apelante y al de la coheredera Margarita Sánchez Ortiz.

Aplicada la normativa expuesta a los hechos procesales del caso, y particularmente a los datos que surgen del expediente ante *nos* y del SUMAC, no podemos más que concluir que el recurso aquí incoado es prematuro y, por consiguiente, carecemos de jurisdicción para atenderlo.

Según señaláramos, el recurso de apelación que nos ocupa se presentó sin que se hubiera notificado la *Solicitud de Reconsideración a Sentencia Parcial,* las órdenes y resoluciones posteriores a **todas** las partes tal y como exige nuestro ordenamiento jurídico. Por lo tanto, habiéndose presentado el presente recurso de

apelación con antelación a que se haya notificado adecuadamente la solicitud de reconsideración y que comenzara a transcurrir el término para poder apelar, estamos ante un recurso prematuro.

Conforme a lo anterior, no tenemos jurisdicción para considerar el recurso en sus méritos. La falta de jurisdicción no puede ser subsanada, ni el Tribunal puede asumir la jurisdicción que no ostenta. En tales situaciones solo contamos con facultad para declarar la ausencia de jurisdicción y no entrar en los méritos del recurso. Véase, Regla 83 del Reglamento del Tribunal de Apelaciones, *supra.*

**IV.**

Por los fundamentos que anteceden, *desestimamos* el recurso de *Apelación* que presentó la parte apelante por ser uno prematuro. Se le ordena al TPI a que tome las medidas necesarias para que se incluya nuevamente a los representantes legales del Banco Popular en las notificaciones electrónicas del SUMAC. Véase, *Directrices Administrativas Para la Presentación y Notificación Electrónica de Documentos Mediante el Sistema Unificado de Manejo y Administración de Casos (según enmendadas).*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones