| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL | | |
| CARLOS ITURRINO CARRILLO, ISABEL GARCÍA GALANES Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Peticionarios<br><br>v.<br><br>MARINA PUERTO DEL REY, ST. JAMES SECURITY, INC. Y OTROS<br><br>Recurridos | KLCE202301305 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Fajardo<br><br>Caso núm.: FA2018CV00695 (302)<br><br>Sobre: Daños por Violación a Propiedad Intelectual |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Candelaria Rosa y el Juez Marrero Guerrero.[1]

Sánchez Ramos, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 26 de enero de 2024.

En un caso de daños y perjuicios por un supuesto vandalismo a un bote en una marina, el Tribunal de Primera Instancia ("TPI") determinó que no se admitiría el testimonio de un perito de los demandantes. Según se explica en detalle a continuación, concluimos que erró el TPI, pues el perito fue anunciado oportunamente por los demandantes y no está presente situación extrema alguna que justificara la drástica sanción impuesta.

I.

En septiembre de 2018, el Dr. Carlos Iturrino Carillo, la Dra. Isabel García Galanes y la sociedad legal de gananciales por ambos compuesta (los "Demandantes"), presentaron la acción de

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior (KLCE202200477 CONS. KLCE202200489).

referencia, sobre daños y perjuicios (la "Demanda"), en contra de Marina Puerto del Rey Operations, LLC (la "Marina"), y de St. James Security Inc. ("St. James"). Alegaron que su embarcación, modelo Manta, "center console", de 28 pies de eslora (el "Bote"), se hundió el 17 de septiembre de 2017, mientras estaba en las facilidades de la Marina. Se alegó que ello ocurrió a consecuencia de un acto vandálico -- la desconexión de una manga -- que fue posible por negligencia en el deber de los demandados de proveer seguridad. Los Demandantes adujeron que lo anterior les ocasionó gastos y perdidas que sobrepasan los $225,000.00, más sufrimientos y angustias mentales que estimaron en $500,000.00.

Transcurridos varios trámites procesales, el 21 de **mayo de 2021**, los Demandantes presentaron una *Moción para Informar Contratación de Perito y Prueba Documental Pericial.* Anunciaron la contratación del Sr. Manuel Valentín Laureano, como perito en el área de seguridad (el "Perito en Seguridad"), y la utilización de un estudio publicado en un artículo del Departamento de Justicia Criminal y Criminología de la Universidad de Carolina del Norte denominado *Understanding Decisions to Burglarize from the Offender´s Perspective.* La *Moción* estaba acompañada del resumé del Perito en Seguridad y de una copia del mencionado artículo. En respuesta, el 1 de junio, el TPI emitió una *Orden* en la que declaró *Ha Lugar* la referida *Moción.*

Mientras tanto, el 26 de junio, el Perito en Seguridad participó de una inspección ocular en el lugar de los hechos. Durante la inspección ocular se encontraban presentes los representantes legales de todas las partes.

Transcurridos varios asuntos procesales, el 9 de agosto de 2023, las partes presentaron el *Informe de Conferencia con Antelación al Juicio.* En cuanto a la prueba pericial, los Demandantes nuevamente informaron que utilizarían al Perito en

Seguridad. Celebrada la vista correspondiente, el 17 de agosto, el TPI notificó una *Orden Bajo Regla 37.5*. En lo concerniente al recurso de referencia, el TPI les concedió a las partes un término a vencer el 5 de septiembre para presentar cualquier moción *in limine* para objetar la prueba.

El 28 de agosto, la Marina solicitó la eliminación del testimonio del Perito en Seguridad. La Marina arguyó que, durante los tres (3) años del descubrimiento, no se presentó un informe o resumen de lo que sería la opinión pericial. Por su parte, el 1 de septiembre, por esencialmente las mismas razones aducidas por la Marina, St. James también solicitó la eliminación del testimonio del Perito en Seguridad.

El 18 de septiembre, los Demandantes se opusieron a las mociones de los demandados; resaltaron que habían anunciado al Perito en Seguridad con suficiente tiempo y que este había participado de la inspección ocular del lugar de los hechos en la que estuvieron presentes los abogados de las partes. Arguyeron que los demandados pudieron cursar interrogatorios, o citar a deposición, al Perito en Seguridad, pero optaron por no hacerlo.

El 25 de septiembre, el TPI notificó una *Orden de Exclusión de Evidencia* (la "Orden"). En lo que atañe al recurso de referencia, el TPI eliminó el testimonio del Perito en Seguridad. Razonó que, aunque los Demandantes habían anunciado oportunamente al Perito en Seguridad, no cumplieron con la Regla 37.1(e) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 37.1(e), pues no proveyeron "su *curriculum vitae*, ni tampoco un resumen de sus opiniones y una breve expresión de las teorías, hechos o argumentos que las sostienen".[2]

---

[2] Véase, *Orden de Exclusión de Evidencia*, Apéndice XVII del recurso, pág. 134.

El 28 de septiembre, los Demandantes solicitaron la reconsideración de la Orden, lo cual fue denegado por el TPI mediante una *Orden* notificada el 26 de octubre.

Inconformes, el 22 de noviembre, los Demandantes presentaron el recurso que nos ocupa; señalan que el TPI cometió el siguiente error:

> 1. Erró el honorable Tribunal de Primera Instancia al ordenar la eliminación del Sr. Manuel Valentín Laureano como perito esencial de la parte demandada-peticionaria despojándoles de su derecho a tener su día en corte y a un debido proceso de ley.

Le ordenamos a los demandados mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar la decisión recurrida. Oportunamente, los demandados comparecieron; plantearon, como lo hicieron ante el TPI, que cuando se anunció al Perito en Seguridad, no se "incluyó materia específica" sobre lo cual se declararía ni tampoco se suplió un "resumen de sus opiniones". Resolvemos.

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeil Healthcare* LLC, 194 DPR 723, 728 (2016); *IG Builders, et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012), *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). Contrario al recurso de apelación, el tribunal revisor tiene discreción para decidir si expide o no el *certiorari*. Ahora, la discreción no es irrestricta y debe ejercerse de forma razonable, procurando siempre una solución justa. *Medina Nazario*, 194 DPR en la pág. 729; *IG Builders*, 185 DPR en la pág. 338; *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009).

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que se deben examinar al determinar si expedimos un auto de *certiorari*:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por su parte, la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece en qué circunstancias este Tribunal podrá expedir un auto de *certiorari* en el ámbito civil. El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias "solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo". *Íd.* Además de esto, a modo de excepción, podrá revisar órdenes o resoluciones interlocutorias cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan de interés público o en cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.*

III.

A través del descubrimiento de prueba, se pretende ayudar a precisar y minimizar las controversias litigiosas; obtener evidencia que se utilizaría en el juicio; facilitar la búsqueda de la verdad y

perpetuar la prueba relacionada con las reclamaciones de un caso. Véase, Regla 23.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 23.1; *Berrios Falcón v. Torres Merced*, 175 DPR 962 (2009); *García Rivera et al. v. Enríquez*, 153 DPR 323 (2001); *Rivera y otros v. Bco. Popular*, 152 DPR 140 (2000); véanse, además, *Medina v. M.S. & D. Química P.R., Inc.*, 135 DPR 716 (1994); *Lluch v. España Service Sta.*, 117 DPR 729 (1986).

En cuanto al alcance del descubrimiento de prueba, este debe ser amplio y liberal. *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 496 (2022); *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659, 672 (2021); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 152 (2000). El TPI tiene "amplia discreción para regular el ámbito del descubrimiento, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes". *Rivera Gómez v. Arcos Dorados*, 2023 TSPR 65, págs. 9-10, citando a *Cruz Flores et al.*, 210 DPR a las págs. 496-497.

Cónsono con lo anterior, el tribunal está autorizado, no tan solo a limitar o extender el alcance del descubrimiento de prueba, sino que está facultado para supervisar el proceso, ordenar a una parte a descubrir prueba y sancionar a aquella que se rehúse a cumplir las órdenes dirigidas a esos efectos. *Ortiz Rivera v. ELA, National Insurance Co.*, 125 DPR 65 (1989); *Lluch, supra.*

En específico, la Regla 34 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 34, reglamenta las controversias relacionadas con el descubrimiento de prueba. Cuando una parte se niega a cumplir con las órdenes relacionadas con el descubrimiento de prueba, la Regla 34.3 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 34.3, le confiere al tribunal amplia discreción para sancionar de diversas formas ese incumplimiento. Asimismo, la Regla 37.7 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 37.7, regula lo concerniente a la imposición de sanciones económicas por incumplir

con las órdenes y los señalamientos relacionados al manejo del caso, sin que medie justa causa.

No obstante, las sanciones drásticas, como la eliminación de las alegaciones de una parte, solo proceden en casos extremos. *Amaro González v. First Federal Savings Bank*, 132 DPR 1042 (1993); *Hartman v. Tribunal Superior*, 98 DPR 123 (1969). (Énfasis suplido). Es decir, este tipo de sanción se impone cuando es clara e inequívoca la desatención y abandono total de la parte que se pretende sancionar. *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288 (2012); véanse, además, *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217 (2001); *Ghigliotti Arzola v. Adm. De Servicios Agrícolas*, 149 D.P.R. 902 (2000); *Amaro González, supra*.

Así pues, "la medida severa de excluir del juicio el testimonio de un testigo crucial [o de un perito esencial], que es análoga a la medida extrema de la desestimación, sólo debe usarse en circunstancias excepcionales [...]". *Rivera Gómez*, 2023 TSPR 65, a la pág. 13, citando a *Valentín v. Mun. de Añasco*, 145 DPR 887, 895 (1998). En *Valentín, supra*, se resolvió "que tales sanciones drásticas no son favorecidas judicialmente". Con lo anterior, se promueven "los valores superiores de la búsqueda de la verdad y la justicia en los procesos adjudicativos." *Rivera Gómez*, 2023 TSPR 65, a las págs. 13-14, citando a *Valentín*, 145 DPR a la pág. 897.

IV.

Concluimos que el récord no sustenta la extrema sanción impuesta por el TPI a los Demandantes. Las siguientes consideraciones demuestran que no estamos ante una situación extrema que ameritara la drástica sanción impuesta por el TPI.

En primer lugar, aproximadamente dos años antes de que los demandados por primera vez solicitaran la exclusión del testimonio del Perito en Seguridad, ya los Demandantes habían anunciado que lo utilizarían. Al así anunciarlo en el 2021, los Demandantes le

cursaron a los demandados el resumé del Perito en Seguridad. En segundo lugar, en aquel momento, el TPI autorizó la utilización del Perito en Seguridad, a pesar de que no se suplió un resumen de lo que sería su opinión.

En tercer lugar, los demandados tuvieron amplia oportunidad, y tiempo para, con o sin la asistencia del TPI, procurar descubrir la información que ahora indican que no tienen. Adviértase que estos no citaron a deposición al Perito en Seguridad ni sometieron interrogatorio alguno a los Demandantes relacionado con lo que sería el testimonio del Perito en Seguridad. En cuarto lugar, sin que mediase objeción de los demandados, el Perito en Seguridad estuvo presente en la inspección ocular de lugar donde ocurrieron los hechos.

Así pues, si los demandados entendían que los Demandantes habían incumplido con la obligación que tenían bajo la Regla 37.1(e), *supra*, referente a la "Reunión entre los abogados para el manejo del caso", debieron plantearlo años antes del momento en que lo hicieron. De forma similar, antes de imponer la extrema sanción en controversia, el TPI debió, a lo sumo, imponer una sanción económica a los Demandantes y proveerles una oportunidad de remediar el supuesto incumplimiento. Asimismo, nada impedía que, en tal caso, el TPI permitiese un breve descubrimiento de prueba en relación con el testimonio del Perito en Seguridad.

En fin, si bien el TPI tiene amplia discreción para pautar el descubrimiento de prueba, dicha discreción no debe ejercitarse en un vacío, sino que debe ser el resultado de un balance razonable entre el interés de garantizar un descubrimiento de prueba amplio y liberal, y el interés de promover una solución justa, rápida y económica del caso. El derecho a presentar prueba en apoyo de una reclamación constituye uno de los ejes centrales del debido proceso de ley. *Valentín, supra.* Por la potencial magnitud de la sanción de

excluir del juicio el testimonio de un perito en un caso de esta naturaleza, la misma solo procedía ante circunstancias excepcionales que no están presentes aquí.

V.

Por los fundamentos que anteceden se expide el auto de *certiorari* solicitado y se revoca la *Orden* recurrida. Se ordena la continuación de los procedimientos de conformidad con lo aquí resuelto.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones