Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X (ESPECIAL)

| | | |
|---|---|---|
| CORALY BETANCOURT DÍAZ; SONIA BETANCOURT DÍAZ; SANDRA BETANCOURT DÍAZ; JANETTE BETANCOURT DÍAZ; IVETTE BETANCOURT DÍAZ, y, LUZ MINERVA DÍAZ RODRÍGUEZ<br><br>Apelada<br><br>v.<br><br>**ROSALEE ORTIZ**; CINDY BETANCOURT ROSARIO; KATHERINE BETANCOURT ROSARIO; MICHELLE BETANCOURT ROSARIO<br><br>Apelante | KLAN202400146 | Apelación Procedente del Tribunal de Primera Instancia, Sala de CAROLINA<br><br>Caso Núm.: CA2018CV01569<br><br>Sobre: Desahucio |

Panel integrado por su presidente el Juez Rodríguez Casillas, la Jueza Mateu Meléndez y el Juez Marrero Guerrero.

Mateu Meléndez, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 6 de marzo de 2024.

El 20 de febrero del año en curso, Rosalee Ortiz (en adelante, la apelante) instó la apelación de epígrafe a los efectos de auscultar la revocación de la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, TPI o foro primario) con fecha del 2 de septiembre de 2022, según enmendada el 11 de agosto de 2023, y notificada por edicto el 24 de enero de 2024.

Atendido el recurso, el 27 de febrero de 2024 emitimos *Resolución* mediante la cual le ordenamos a la parte apelada a comparecer y expresar su opinión respecto al mismo. En cumplimiento con ello, el 26 de febrero de 2024, dicha parte sometió *Moción solicitando desestimación del recurso por falta de jurisdicción*. En este, alegó que carecíamos de jurisdicción para atender el

recurso, debido a que este había sido presentado en exceso del término que el Código de Enjuiciamiento Civil dispone para ello. En reacción a este escrito, y a los fines de auscultar nuestra jurisdicción, el 29 de febrero de 2024, emitimos *Resolución* ordenándole a la apelante a acreditar la conversión del proceso de desahucio a uno de carácter ordinario. En respuesta, la apelante sometió el 4 de marzo de 2024, una *Urgente Moción en cumplimiento de orden*. Evaluados los planteamientos vertidos en estos escritos, por razones distintas a las que alega la parte apelada, resolvemos que carecemos de jurisdicción para atender el recurso de epígrafe, debiéndose desestimar el mismo.

I

*-A-*

Es norma reiterada en nuestro ordenamiento que la falta de jurisdicción sobre la materia no es susceptible de ser subsanada. S.L.G. Szendrey-Ramos v. F. Castillo, 169 DPR 873 (2007). La jurisdicción no se presume. La parte tiene que invocarla y acreditarla toda vez que, previo a considerar los méritos de un recurso, el tribunal tiene que determinar si tiene facultad para entender en el mismo. Soc. de Gananciales v. A.F.F., 108 DPR 644 (1979). Lo anterior tiene el propósito de colocar al tribunal apelativo en condición de examinar su propia jurisdicción, lo cual es su obligación. Ghigliotti v. A.S.A., 149 DPR 902 (2000). Además, los tribunales tenemos siempre la obligación de ser guardianes de nuestra propia jurisdicción, pues sin jurisdicción no estamos autorizados a entrar a resolver los méritos del recurso. Carattini v. Collazo Syst. Analysis, Inc., 158 DPR 345 (2003).

De conformidad con lo anterior, se entiende que un *recurso prematuro* es aquel presentado en la Secretaría de un tribunal apelativo antes de que éste tenga jurisdicción. Hernández v. Marxuach Const. Co., 142 DPR 492 (1997). Consecuentemente, un recurso prematuro, al igual que uno tardío,

adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. Juliá et al. v. Epifanio Vidal, S.E., 153 DPR 357 (2001). Por tanto, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación, no ha habido autoridad judicial o administrativa para acogerlo. Juliá et al. v. Epifanio Vidal, S.E., *supra*.

Cónsono con lo anterior, este Foro puede desestimar, a petición de parte, por medio de la Regla 83(B)(1) de nuestro Reglamento, o *motu proprio*, mediante la Regla 83(C), un recurso por falta de jurisdicción. 4 LPRA Ap. XXII-B.[1]

*-B-*

El Código de Enjuiciamiento Civil de Puerto Rico regula en su Subtítulo III lo concerniente al procedimiento de desahucio y, a tales propósitos, establece las normas vigentes sobre la acción de desahucio y establece el procedimiento a cumplir en su trámite ante los tribunales. 32 LPRA 2821, *et seq.* Entre las disposiciones relativas al desahucio allí reguladas, se encuentra el término que la parte afectada por una sentencia en un procedimiento de desahucio tiene para apelar. Así, el Artículo 628 del Código de Enjuiciamiento Civil dispone que en los juicios de desahucio la parte contra la cual recaiga sentencia podrá apelar la misma conforme a lo dispuesto en la Ley de la Judicatura de 2003.[2]

En cuanto al término específico para las apelaciones, el Artículo 629 del mismo código dispone que "[l]as apelaciones deberán interponerse en el término de cinco (5) días, contados desde la fecha de archivo en autos de la notificación de la sentencia, por las partes perjudicadas por la misma o sus abogados." 32 LPRA Sec. 2831. Asimismo, el Artículo 630 del Código

---

[1] Así pues, la precitada *Regla* dispone, entre otras cosas, que una parte podrá solicitar en cualquier momento la desestimación de un recurso, entre algunos motivos, porque el Tribunal de Apelaciones carece de jurisdicción. Asimismo, la citada regla establece que este foro apelativo podrá a iniciativa propia desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos que se consignan en su inciso (B).
[2] 32 LPRA Sec. 2830.

de Enjuiciamiento Civil advierte que "[n]o se admitirá al demandado el recurso de apelación si no otorga fianza, por el monto que sea fijado por el tribunal, para responder de los daños y perjuicios que pueda ocasionar al demandante y de las costas de apelación; pudiendo el demandado, cuando el desahucio se funde en falta de pago de las cantidades convenidas, a su elección, otorgar dicha fianza o consignar en Secretaría el importe del precio de la deuda hasta la fecha de la sentencia."[3]

-C-

Por último, recordemos que el debido proceso de ley se refiere al "derecho de toda persona a tener un proceso justo con todas las debidas garantías que ofrece la ley, tanto, en el ámbito judicial como en el administrativo." Com. Elect. PPD v. CEE et al., 205 DPR 724 (2020); Aut. Puertos v. HEO, 186 417, 428 (2012).   Tiene su base jurídica en la Constitución de los Estados Unidos de América y en la Constitución del Estado Libre Asociado de Puerto Rico. Enmdas. V y XIV, Const. EE. UU., LPRA, Tomo 1, ed. 2016, págs. 190-191 y 207; Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1, ed. 2016, pág. 301.  Este enunciado constitucional opera en dos modalidades distintas, una sustantiva y otra procesal.  Com. Elect. PPD v. CEE et al., *supra.*

En su vertiente sustantiva, "persigue proteger y salvaguardar los derechos fundamentales de la persona." U. Ind. Emp. A.E.P. v. A.E.P., 146 DPR 611, 616 (1998); Rodríguez Rodríguez v. E.L.A., 130 DPR 562 (1992).  A través de esta modalidad, "los tribunales examinan la validez de la parte sustantiva de una ley a la luz de la Constitución." Rivera Santiago v. Srio. de Hacienda, 119 DPR 265, 273 (1987). En cambio, la dimensión procesal, "le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y de propiedad del individuo se haga a través de un procedimiento justo y equitativo." *Íd.* Específicamente, la vertiente procesal

---

[3] 32 LPRA Sec. 2832

exige el cumplimiento de las garantías siguientes: la concesión de una vista; **una notificación oportuna y adecuada**; el derecho a ser oído; el derecho a confrontarse con los testigos; a presentar prueba oral y escrita en su favor y, la presencia de un adjudicador imparcial. López y Otros v. Asoc. De Taxis de Cayey, 142 DPR 109, 113 (1996); Henríquez v. Consejo Educación Superior, 120 DPR 194, 202 (1987).

III

La *Sentencia* en el caso de epígrafe fue emitida el 2 de septiembre de 2022, y notificada el día 6. En esta, declaró Ha Lugar la demanda de desahucio y ordenó el lanzamiento de la apelante, así como el pago de costas y gastos. Sobre este dictamen, la apelante instó *Reconsideración*. La misma fue denegada por virtud de *Resolución* del 16 de diciembre de 2022.

En desacuerdo aun, la apelante instó el recurso KLAN202300048, que fue desestimado por falta de jurisdicción al no imponerse la fianza que ordena la ley en estos casos. Habiéndose posteriormente notificado una *Sentencia enmendada*, la apelante compareció por segunda ocasión ante este Tribunal en el recurso KLAN202300817. Tal recurso, también fue desestimado. En tal ocasión, la desestimación respondió a que la sentencia no le había sido notificada a las partes en rebeldía conforme exige nuestro estado de Derecho. Ante tal hecho, la *Sentencia* fue notificada una vez más, mediante la publicación de un edicto el 29 de enero de 2024.

Tal como surge del trámite procesal reseñado en los párrafos anteriores y no pasa por desapercibido, el recurso de epígrafe es la **tercera** vez en la que la apelante ha comparecido a este Tribunal de Apelaciones instando un recurso de apelación ante la misma sentencia. Lamentablemente, por tercera ocasión, este foro debe declararse sin jurisdicción para atender su reclamo.

Conforme surge de expediente, la *Notificación de sentencia por edicto enmendada* del 24 de enero de 2024 lee como a continuación transcribimos:

A: CINDY BETANCOURT ROSARIO, MICHELLE BETANCOURT ROSARIO, KATHERINE BETANCOURT ROSARIO.

EL SECRETARIO(A) que suscribe le notifica a usted que el 11 DE AGOSTO DE 2023, este Tribunal ha dictado Sentencia, Sentencia Parcial o Resolución en este caso, que ha sido debidamente registrada y archivada en autos donde podrá usted enterarse detalladamente de los términos de la misma.

Esta notificación se publicará una sola vez en un periódico de circulación general en la Isla de Puerto Rico, dentro de los 10 días siguientes a su notificación.

**Y, siendo o representado usted una parte en el procedimiento sujeta a los términos de la Sentencia, Sentencia Parcial o Resolución de la cual puede establecerse recurso de revisión o apelación dentro del término de 30 días contados a partir de la publicación por edicto de esta notificación, dirijo a usted esta notificación que se considerará hecha en la fecha de la publicación de este edicto.**

Copia de esta notificación ha sido archivada en los autos de este caso, con fecha de 24 de enero de 2024.

[…][4]

(Énfasis nuestro)

Según se desprende de lo arriba transcrito, a las partes allí nombradas se les notificó que en el pleito se dictó sentencia y la fecha en que la misma se emitió. De la misma manera, se les informó de su derecho a recurrir en revisión judicial. Ahora bien, como se advierte al leer la transcrita porción, allí se indicó que el término con el que se tiene para instar una revisión o apelación es de **treinta (30) días.** Sin embargo, según citamos, el término específico que el Código de Enjuiciamiento Civil establece para interpelar una apelación de una sentencia de desahucio es de **cinco (5) días**.

El procedimiento sumario reglamentado por nuestro Código de Enjuiciamiento Civil responde al interés del Estado de atender de manera expedita la reclamación del dueño de un inmueble, al que le han interrumpido los derechos a poseer y disfrutar de su propiedad. ATPR v. SLG Volmar-Mathieu, 196 DPR 5, 9 (2016). Ahora, hay ocasiones en las que es necesario que un proceso sumario se convierta en ordinario. El desahucio

---

[4] Véase Entrada Número 171 en el Sistema Unificado y Manejo Administrativo de Casos (SUMAC).

se puede tramitar mediante un proceso ordinario o un proceso sumario. Turabo Ltd. Partnership v. Velardo Ortiz, 130 DPR 226 (1992).

Como señala la apelante al comparecer en cumplimiento de nuestra *Resolución,* al contestar la demanda y como parte de su súplica, solicitó que el procedimiento de desahucio de epígrafe fuera convertido a uno de trámite ordinario. Sin embargo, un estudio minuciosamente del expediente judicial y las distintas determinaciones interlocutorias emitidas durante su trámite, no desvela una determinación judicial alguna mediante la cual el foro primario expresamente haya convertido el proceso sumario de desahucio en uno ordinario. Ante la ausencia de tal determinación, nos es forzoso concluir que- a pesar del largo y extenso trámite procesal del que ha sido objeto el pleito- este conserva su naturaleza sumaria. Por consiguiente, le son aplicables las disposiciones establecidas en el Código de Enjuiciamiento Civil, incluyendo el término de 5 días para instar apelación consignado en su Artículo 629, 32 LPRA Sec. 2831.

Lo anterior causa que el término que el tribunal informó en la notificación de la sentencia por edicto se tenía para recurrir en revisión o apelación de la sentencia es uno equivocado. **A consecuencia de ello, nuevamente nos encontramos en el caso con una sentencia inadecuadamente notificada que no ha activado el término para que pueda recurrirse en revisión judicial de ella.** Al final de cuentas, y tal como arriba citamos, la notificación adecuada es una de las garantías que exige el debido proceso de ley en su vertiente procesal. López y Otros v. Asoc. De Taxis de Cayey, *supra.* Por ello, y toda vez que la ausencia de jurisdicción no puede ser subsanada y un tribunal no puede asumirla, atribuírsela o arrogársela cuando no la tiene, solo podemos ordenar la desestimación del recurso por haberse presentado prematuramente. Toda vez que, ante el escenario de una notificación defectuosa, los términos para comparecer ante este foro intermedio no han comenzado a transcurrir.

Lo anterior, sin embargo, no es óbice para que, luego de que este Tribunal emita el correspondiente mandato y, posteriormente, el foro apelado **notifique correctamente la sentencia impugnada**, cualquier parte afectada por la determinación del TPI pueda presentar, en el momento oportuno, el correspondiente recurso apelativo.

IV

Por los fundamentos antes expuestos, desestimamos el recurso de epígrafe por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones