Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| DILIA BARLETTA RIVERA Y FÁTIMA SEDA BARLETTA  Apelantes  v.  ROBERTO LEITH PÉREZ, TRIPLE S PROPIEDAD Y OTROS  Apelados | KLAN202400405 | Apelación Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN  Caso Núm.: SJ2020CV03940  Sobre: ENRIQUECIMIENTO INJUSTO, DAÑOS Y PERJUICIOS |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 3 de mayo de 2024.

El 24 de abril de 2024 la Sra. Fátima Seda Barletta (en adelante señora Seda o apelante) presentó ante este Tribunal de Apelaciones recurso de *Apelación,* mediante el cual acude en revisión judicial de la *Sentencia* emitida en la causa de epígrafe con fecha del 31 de enero de 2024, notificada el día 1ero de febrero del mismo año.

Por virtud del aludido dictamen, el Tribunal de Primera Instancia, Sala Superior de San Juan declaró Ha Lugar parcialmente la demanda y ordenó a la parte demandada al pago de $7,862.82 por concepto de reparaciones y $1,500.00 por angustias mentales, más el interés legal correspondiente al 9.50%.

Evaluado el recurso, conforme nos autoriza a hacer la Regla 7(B)(5) de nuestro reglamento, 32 LPRA Ap. XXII-B, R. 7(B)(5), prescindimos de la comparecencia de la parte apelada y **desestimamos** el recurso de epígrafe por falta de jurisdicción al haber sido sometido tardíamente.

Número Identificador

SEN2024 _____

I

El pleito de epígrafe trata de una demanda instada por la apelante en contra del Sr. Roberto Leith Pérez, Triple S Propiedad y personas de nombre desconocidos. En síntesis, alegó ser propietaria de una propiedad ubicada en la Urbanización Ocean Park en San Juan y que, por negligencia del Sr. Roberto Leith Pérez (en adelante apelado), sufrió daños consecuencia de la caída de un árbol que este tenía sembrado en su propiedad sobre la suya. Según señalado, el apelado no le daba mantenimiento ni podaba el árbol de cuarenta y tres pies de alto por doce pies de diámetro, cayendo sobre su residencia y causando daños emocionales, además de daños a la propiedad.

Habiéndose seguido los trámites de rigor en el caso, el juicio se celebró los días 5, 6 de octubre y 2 y 8 de noviembre de 2023. La prueba testifical consistió en el testimonio de la apelante, del Sr. Héctor Balvarena Alfaro, del Sr. William León Figueroa, el perito de la apelante, Ingeniero Carlos García Sotelo y del testimonio del perito del apelado, el Ingeniero Emiliano Ruiz. Además, las partes estipularon varios documentos como evidencia y cada una sometió su prueba documental. Evaluada toda la evidencia, como dijimos, el **31 de enero de 2024** el TPI emitió la *Sentencia* apelada y la notificó el **1 de febrero de 2024**.

Inconforme, el **17 de febrero del año en curso** la apelante sometió *Moción Solicitando Reconsideración de Sentencia al Amparo de la Regla 47 de las de Procedimiento Civil de 2009, según enmendadas, y determinación de hechos y derecho adicionales bajo la Regla 43 de las de Procedimiento Civil, según enmendadas.* El 6 de marzo de 2024, el apelado se opuso a dicho escrito. Así las cosas, el 26 de marzo de 2024 el TPI dictó *Resolución en Reconsideración,* mediante la cual enmendó dos determinaciones de hechos de la sentencia dictada, denegó el escrito de la apelante de reconsideración y determinaciones de hechos adicionales y atendió varios puntos traídos por

esta en su escrito. En desacuerdo aun, el 24 de abril de 2024, esta instó el recurso de apelación de epígrafe.

II

-*A*-

Es norma reiterada en nuestro ordenamiento que la falta de jurisdicción sobre la materia no es susceptible de ser subsanada. S.L.G. Szendrey-Ramos v. F. Castillo, 169 DPR 873 (2007). La jurisdicción no se presume. La parte tiene que invocarla y acreditarla toda vez que, previo a considerar los méritos de un recurso, el tribunal tiene que determinar si tiene facultad para entender en el mismo. Soc. de Gananciales v. A.F.F., 108 DPR 644 (1979). Lo anterior tiene el propósito de colocar al tribunal apelativo en condición de examinar su propia jurisdicción, lo cual es su obligación. Ghigliotti v. A.S.A., 149 DPR 902 (2000). Además, los tribunales tenemos siempre la obligación de ser guardianes de nuestra propia jurisdicción, pues sin jurisdicción no estamos autorizados a entrar a resolver los méritos del recurso. Carattini v. Collazo Syst. Analysis, Inc., 158 DPR 345 (2003).

Cónsono con lo anterior, este Foro puede desestimar, a petición de parte, por medio de la Regla 83(B)(1) de nuestro Reglamento, o *motu proprio*, mediante la Regla 83(C), un recurso por falta de jurisdicción. 4 LPRA Ap. XXII-B.[1]

III

Conforme la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, la parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá presentar, **dentro del término jurisdiccional de quince (15)**

---

[1] Así pues, la precitada *Regla* dispone, entre otras cosas, que una parte podrá solicitar en cualquier momento la desestimación de un recurso, entre algunos motivos, porque el Tribunal de Apelaciones carece de jurisdicción. Asimismo, la citada regla establece que este foro apelativo podrá a iniciativa propia desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos que se consignan en su inciso (B).

**días desde la fecha de archivo en autos de copia de la notificación de la sentencia**, una moción de reconsideración de esta.

Al estudiar el legajo apelativo, llama nuestra atención que la *Sentencia* apelada fue notificada el 1 de febrero de 2024. Es a partir de esta fecha que comenzó a decursar el término jurisdiccional de quince días para presentar la moción de reconsideración, el cual vencía el **16 de febrero de 2024.** No obstante, la solicitud de reconsideración de la apelante fue presentada el 17 de febrero de 2024 a las 12:14 pm[2], cuando el plazo jurisdiccional para así hacerlo había vencido. Lo anterior ocasiona que el término jurisdiccional que la apelante tenía disponible para recurrir en apelación consignado en la Regla 52.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2, no hubiera sido interrumpido.[3] Conforme a ello, no habiéndose interrumpido el plazo, **la apelante tenía hasta el 4 de marzo de 2024 para acudir en apelación**.[4] A tenor con ello, carecemos de jurisdicción para atender el recurso del apelante.

IV

Por los fundamentos antes desglosados, desestimamos el presente recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] Véase comprobante de presentación electrónica, Entrada 123 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[3] Si bien puede apreciarse que el TPI atendió la moción de reconsideración, tratándose de un plazo **jurisdiccional**, puesto que fue sometida tardíamente no tenía autoridad legal alguna para atenderla cuando así lo hizo. Distinto hubiera sido el caso si la reconsideración se presentara frente a una orden o resolución, puesto que el término de 15 días que establece la Regla 47, *supra,* es de cumplimiento estricto y permite, demostrada la justa causa para la dilación, que el foro primario la atienda a destiempo. Véase, Regla 47 de Procedimiento Civil, *supra.*

[4] Debido a que el último día del término cae sábado, 2 de marzo de 2024, conforme a la Regla 68.1 de Procedimiento Civil, 32 LPRA Ap. V R 68.1, se extiende hasta el fin del próximo día laborable; en este caso el 4 de marzo de 2024.