Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| JEFFREY HERNÁNDEZ RAMOS<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | KLRA202400542 | Revisión Judicial Procedente del Departamento de Corrección y Rehabilitación<br><br>Confinado Núm.: P676-12602<br><br>Sobre: Evaluación Programa de Pre-Reinserción |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de octubre de 2024.

El 2 de octubre de 2024, el Sr. Jeffrey Hernández Ramos (en adelante, el recurrente) presentó ante nos *Moción en Solicitud de Revi[s]ión Judicial de De[c]isión de las Oficinas de Programas de Desvío del Departamento de Corrección y Rehabilitación.* Mediante este escrito, nos solicita la revisión y revocación de la *Evaluación Programa de Pre-Reinserción* emitida por el programa del Departamento de Corrección y Rehabilitación (en adelante, el Departamento), en la que se refirió su caso para evaluación adicional para cumplir con el Plan de Reorganización #2-2011.

Hemos evaluado dicho escrito, así como los documentos que acompañaron el mismo. Así hecho, nos vemos en la obligación de desestimarlo, pues se presentó tardíamente. Veamos.

**-I-**

Surge del legajo apelativo que el 23 de mayo de 2024, el Programa de Desvío del Departamento le notificó al recurrente la *Evaluación Programa de Pre-Reinserción,* en la que se determinó su caso como propuesto. Como razones dadas se estableció lo siguiente: "Se refiere para evaluación

Número Identificador

SEN2024_____

adicional para cumplir con los dispuestos en el Plan de Reorganización #2-2011 en sus artículos 17, 28 y 19 de los derechos de las víctimas de delitos en los procesos relacionados con los Programas de Desvíos y Comunitarios." El recurrente **fue notificado de esta determinación el 6 de junio de 2024**. Allí, se realizó el siguiente apercibimiento:

> Del confinado no estar de acuerdo con la determinación tomada por el coordinador del programa, éste podrá solicitar revisión de la determinación (1) presentando un recurso de revisión judicial ante el Tribunal de Apelaciones dentro del término de treinta (30) días, contados a partir de la notificación de la determinación, o (2) presentando una solicitud de reconsideración dentro del término de veinte (20) días, contados a partir del recibo de la determinación, ante la oficina de Programas de Desvíos y Comunitarios a la siguiente dirección: GPO Box 71308, San Juan, PR 00936-8408.

> Dentro de los quince (15) días de haberse presentado la solicitud de reconsideración, la Agencia (Oficina de Desvíos y Comunitarios) deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término de treinta (30) días para solicitar revisión ante el Tribunal de Apelaciones comenzará a contar desde el recibo de la denegatoria o desde que expiren los quince (15) días, según sea el caso.

Según apercibido, y por no estar conforme con la determinación notificada, el 24 de junio de 2024, el recurrente sometió *Moción Solicitando se Ordene Caso se Refiera al Comité de Ví[c]timas de Haberlo Solic[i]tado la Víctima de Delito y Solicitud de Reconsideración,* en la que expuso las razones por las cuales entendía que lo resuelto era errado. Cabe señalar, que no surge de los documentos presentados que el Departamento hubiese atendido o acogido dicha reconsideración.

Así las cosas y debido a la inacción por parte del Departamento, el señor Hernández Ramos presentó el recurso de epígrafe. Atendido el mismo, concedimos, entre otras cosas, término a la parte recurrida para que nos sometiera copia de la resolución o determinación final emitida por la agencia. Esto, a los fines de poder auscultar nuestra jurisdicción. Sin embargo, el Departamento compareció el 25 de octubre de 2024, en un escrito titulado, *Solicitud de término adicional*. Allí, indica que sobre el caso no existe una determinación final de la agencia, no obstante, considera

expresarse en cuanto al recurso y nos solicita una prórroga para esto último.[1]

Posteriormente, el 28 de octubre de 2024, el recurrente sometió escrito para informar la expedición de un certificado de rehabilitación en su nombre. Ese día, también se presentó una *Solicitud y Declaración Para Que Se Exima de Pago de Arancel por Razón de Indigencia*, así como el *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación* del Departamento.

**-II-**

*A.*

Es norma reiterada en nuestro ordenamiento que la falta de jurisdicción sobre la materia no es susceptible de ser subsanada. S.L.G. Szendrey-Ramos v. F. Castillo, 169 DPR 873 (2007). La jurisdicción no se presume. La parte tiene que invocarla y acreditarla toda vez que, previo a considerar los méritos de un recurso, el tribunal tiene que determinar si tiene facultad para entender en el mismo. Soc. de Gananciales v. A.F.F., 108 DPR 644 (1979). Lo anterior tiene el propósito de colocar al tribunal apelativo en condición de examinar su propia jurisdicción, lo cual es su obligación. Ghigliotti v. A.S.A., 149 DPR 902 (2000). Además, los tribunales tenemos siempre la obligación de ser guardianes de nuestra propia jurisdicción, pues sin jurisdicción no estamos autorizados a entrar a resolver los méritos del recurso. Carattini v. Collazo Syst. Analysis, Inc., 158 DPR 345 (2003).

También es harto conocido que un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. Por tanto, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación, no ha habido autoridad judicial o administrativa para

---

[1] Dada la posterior comparecencia hecha, es innecesario atender la solicitud de extensión de término.

acogerlo. <u>MMR Supermarket v. Mun. Aut. De San Lorenzo</u>, 210 DPR 271 (2022) al citar a <u>Juliá et al. v. Epifanio Vidal, S.E.</u>, 153 DPR 357 (2001).

Cónsono con lo anterior, este Foro puede desestimar, a petición de parte, por medio de la Regla 83(B)(1) de nuestro Reglamento, o *motu proprio*, mediante la Regla 83(C), un recurso por falta de jurisdicción. 4 LPRA Ap. XXII-B.[2]

*B.*

La Sección 3.15 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, (Ley 38-2017), según enmendada, regula lo concerniente a la herramienta de la reconsideración en los procesos administrativos. En cuanto a esto, específicamente dispone:

> Sección 3.15. — Reconsideración. (3 LPRA § 9655)
>
> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tornar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales.
>
> Si la fecha de archivo en autos de copia de la notificación de la orden o resolución es distinta a la del depósito en el correo ordinario o del envío por medio electrónico de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo ordinario o del envío por medio electrónico, según corresponda.

---

[2] Así pues, la precitada *Regla* dispone, entre otras cosas, que una parte podrá solicitar en cualquier momento la desestimación de un recurso, entre algunos motivos, porque el Tribunal de Apelaciones carece de jurisdicción. Asimismo, la citada regla establece que este foro apelativo podrá a iniciativa propia desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos que se consignan en su inciso (B).

Por su parte, la Sección 4.2 de la Ley 38-2017,[3] , dispone lo concerniente al término disponible para acudir en revisión judicial de una resolución final administrativa. Así, la aludida sección dispone lo siguiente:

Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo. Si la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia o del organismo administrativo apelativo correspondiente es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.
[…]

Una orden o resolución interlocutoria de una agencia, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, no serán revisables directamente. La disposición interlocutoria de la agencia podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia.

La revisión judicial aquí dispuesta será el recurso exclusivo para revisar los méritos de una decisión administrativa, sea esta de naturaleza adjudicativa o de naturaleza informal emitida al amparo de esta Ley.

**-III-**

En el recurso de Revisión Judicial de epígrafe, el recurrente catalogó de equivocada la respuesta que el Programa de Desvío le notificó, puesto que lo que procedía era ordenarles a las víctimas del delito por el cual cumplía pena que presentaran su parecer en cuanto al proceso de desvío y, en cualquier caso, el señalamiento y la celebración de una vista administrativa.

La Oficina del Procurador, por su parte, al comparecer por el Departamento asevera que el recurso debe ser desestimado puesto que la agencia aún no ha emitido una determinación final que podamos revisar.

---

[3] 3 LPRA Sec. 9672

Según anunciamos, el recurso de epígrafe debe ser desestimado. No obstante, la razón por la cual carecemos de jurisdicción no es, como alega el Procurador, por la ausencia de una decisión final, sino porque el mismo se presentó tarde.

Del expediente surge que la determinación recurrida le fue notificada al recurrente el **6 de junio de 2024**. Según allí mismo le fue apercibido, este contaba con veinte (20) días para solicitar reconsideración.[4] El recurrente solicitó a tiempo la reconsideración de la evaluación de su caso, pues presentó el correspondiente escrito con ese propósito dentro del término que le fue apercibido tenía para hacerlo; específicamente, el 24 de junio de este año.

Desde ese día, conforme la Sección 3.15 de la LPAU, el Departamento contaba con quince (15) días para considerar la reconsideración; o sea, **hasta el 9 de julio 2024**. No surge del expediente que el Departamento la haya acogido. Este, al comparecer nada dice en cuanto a ello limitándose a informar el estatus actual del recurrente ante el Departamento y señalar que conforme el mismo, no hay una decisión final que revisar en total abstracción de los plazos que la Sección 3.15 de la LPAU establece para la reconsideración sometida por él. **Sin embargo, el propio recurrente indica que han transcurrido 90 días desde su solicitud de reconsideración sin haber recibido respuesta alguna.**

Siendo ello así, el término de treinta (30) días para acudir en revisión judicial comenzó a transcurrir desde el 9 de julio del año en curso y **el recurrente tenía hasta el 8 de agosto del corriente año para someter su recurso de revisión judicial**. No obstante, y como arriba indicamos, no es hasta el 2 de octubre de 2024, que su solicitud de revisión fue presentada. **Es más, aun si tomáramos la fecha que más le favorece al recurrente, que**

---

[4] Los veinte (20) días, vencían el 26 de junio de 2024.

**vendría a ser aquella de la firma de su escrito (26 de septiembre de 2024), de igual forma acudió tarde ante nosotros.**

Lo anterior causa que carezcamos de autoridad legal para atender los reclamos del recurrente, pues como arriba dijimos, un recurso tardío carece de eficacia y no produce ningún efecto, pues no hay autoridad judicial para poder atenderlo.

### -IV-

Por lo antes expuestos, desestimamos el recurso de epígrafe por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones