Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| LUIS HIRAM QUIÑONES SANTIAGO<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202500270 | Revisión Judicial Procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: GMA 1000-313-25<br><br>Sobre: Remedio Administrativo |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de mayo de 2025.

El 7 de mayo de 2025, Luis Hiram Quiñones Santiago (en adelante, el recurrente o Quiñones Santiago) presentó ante este Tribunal de Apelaciones un documento titulado *Apelación* mediante el cual, y por las razones allí expuestas, nos solicitó: (1) que se le eximiera del pago de aranceles; (2) que se le enviara copia del recurso sometido; (3) que se declarara ha lugar la apelación, y (4) que se le realizara el debido mantenimiento a la consola de aire acondicionado que se encuentra en el medio de los módulos de cada sección, abriéndosele las cuatro (4) ventanillas para una verdadera limpieza, así como que se le cambien los filtros.

Hemos evaluado dicho escrito, así como los documentos que acompañaron el mismo. Así hecho, nos vemos en la obligación de desestimarlo al haberse presentado prematuramente. Siendo ello así, y conforme nos autoriza a hacer la Regla 7(b)(5), a los fines de propiciar un eficiente despacho, prescindimos de la comparecencia del Departamento de Corrección. De igual manera, y conforme a las disposiciones de la Regla

Número Identificador

RES SEN2025 _____

83(C) de nuestro Reglamento, 4 LPRA Ap. XXII-B, desestimamos el recurso. Veamos.

**-I-**

*A.*

Es norma reiterada en nuestro ordenamiento que la falta de jurisdicción sobre la materia no es susceptible de ser subsanada. S.L.G. Szendrey-Ramos v. F. Castillo, 169 DPR 873 (2007). La jurisdicción no se presume. La parte tiene que invocarla y acreditarla toda vez que, previo a considerar los méritos de un recurso, el tribunal tiene que determinar si tiene facultad para entender en el mismo. Soc. de Gananciales v. A.F.F., 108 DPR 644 (1979). Lo anterior tiene el propósito de colocar al tribunal apelativo en condición de examinar su propia jurisdicción, lo cual es su obligación. Ghigliotti v. A.S.A., 149 DPR 902 (2000). Además, los tribunales tenemos siempre la obligación de ser guardianes de nuestra propia jurisdicción, pues sin jurisdicción no estamos autorizados a entrar a resolver los méritos del recurso. Carattini v. Collazo Syst. Analysis, Inc., 158 DPR 345 (2003).

También es harto conocido que **un recurso prematuro**, al igual que uno tardío, adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. Por tanto, su presentación carece de eficacia y no produce ningún efecto jurídico, **pues en el momento de su presentación, no ha habido autoridad judicial o administrativa para acogerlo**. MMR Supermarket v. Mun. Aut. De San Lorenzo, 210 DPR 271 (2022) al citar a Juliá et al. v. Epifanio Vidal, S.E., 153 DPR 357 (2001).

Cónsono con lo anterior, este Foro puede desestimar, a petición de parte, por medio de la Regla 83(B)(1) de nuestro Reglamento, o *motu proprio*, mediante la Regla 83(C), un recurso por falta de jurisdicción. *supra*.[1]

---

[1] Así pues, la precitada *Regla* dispone, entre otras cosas, que una parte podrá solicitar en cualquier momento la desestimación de un recurso, entre algunos motivos, porque el Tribunal de Apelaciones carece de jurisdicción. Asimismo, la citada regla establece que

*B.*

La Sección 4.1 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley 38-2017, que rige la Revisión Judicial establece que sus disposiciones aplican a aquellas "órdenes, resoluciones y providencias adjudicativas **finales** dictadas por agencias o funcionarios administrativos que serán revisadas por el Tribunal de Apelaciones mediante Recurso de Revisión". Ello, con excepción de aquellas allí enumeradas. 3 LPRA, Sec. 9671.

De otra parte, y conforme la Sección 4.2 de la Ley 38-2017, 3 LPRA Sec. 9672 establece, la parte adversamente afectada por tales órdenes, resoluciones o providencias adjudicativas finales tendrá 30 días para someter su solicitud de revisión.

**-II-**

Al acudir ante este Tribunal de Apelaciones en búsqueda de los remedios que arriba enumeramos solicita, el peticionario menciona haber presentado la solicitud de remedio administrativo número GMA1000-124-25 en reclamo de un mejor y adecuado mantenimiento a las consolas de aires del área de los confinados estatales en la Institución Guayama 1000 del Departamento. También manifiesta que, al no haber recibido respuesta sobre este caso, sometió el remedio administrativo número GMA1000-313-25.

En el derecho aplicable consignado en el acápite -I- de esta *Sentencia,* establecimos y destacamos que este Tribunal de Apelaciones tiene inherencia en aquellas decisiones **finales** de las agencias administrativas.

En cuanto a la situación que el peticionario trae ante nuestra atención, por sus propias manifestaciones conocemos que, al momento de

---

este foro apelativo podrá a iniciativa propia desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos que se consignan en su inciso (B).

la radicación del recurso, sobre el reclamo de mantenimiento de aires acondicionado que trae a nuestra atención no existía una decisión final que nos concediera jurisdicción. Más allá de mencionar que sobre el tema instó una solicitud de remedios, Quiñones Santiago no establece que la agencia administrativa haya resuelto su caso. En contrario, y ante las porciones reglamentarias que cita en su escrito referentes a la solicitud de remedios administrativos, parece entender que la falta de acción por parte del Departamento es suficiente para acudir ante nos en solicitud de remedios que le corresponde resolver en primera instancia a la agencia.

Este tribunal carece de jurisdicción para poder atender el reclamo del recurrente. Una vez el DCR atienda la petición del recurrido, de este estar inconforme con lo que en su día se resuelva, podrá acudir ante este Tribunal de Apelaciones en un nuevo recurso de revisión judicial. Por tanto, y tal cual nuestro Reglamento nos autoriza a hacer, desestimamos el recurso de epígrafe por haber sido presentado de forma prematura.

-III-

Por los fundamentos arriba expuestos, **desestimamos** el recurso de epígrafe por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones