ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| CCATT PR LLC<br><br>Apelada<br><br>v.<br><br>INLAND RETREAT LLC<br><br>Apelante | **KLAN202500501** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Arecibo<br><br>Civil Núm. HA2025CV00049<br><br>Sobre: Procedimiento Sumario de Desahucio en Precario |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 16 de junio de 2025.

Comparece ante este foro Inland Retreat LLC (Inland o "parte apelante") y nos solicita que revisemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Camuy, notificada el 2 de mayo de 2025. Mediante el referido dictamen, el foro primario declaró *Ha Lugar* la moción de desestimación solicitada por CCATT PR LLC (CCATT o "parte apelada").

Por los fundamentos que expondremos a continuación, **DESESTIMAMOS** el recurso por falta de jurisdicción.

### I.

El 24 de febrero de 2025, Inland presentó una *Demanda* sobre desahucio en contra de CCATT.[1] Alegó, mediante el procedimiento sumario, que el 23 de enero de 2009, IWG LLC suscribió un contrato de arrendamiento con el Sr. José García, no obstante, que CCATT adquirió de IWG los derechos de dicho arrendamiento. Señaló que,

---

[1] *Demanda*, págs. 1-13 del apéndice del recurso.

posterior a la adquisición de CCATT sobre el arrendamiento, el acreedor hipotecario del señor García, ACM, ejecutó una hipoteca de dicha propiedad y la adquirió libre de gravámenes. Arguyó que, para el 18 de octubre de 2024, Inland adquirió de ACM la propiedad. Sin embargo, CCATT había estado ocupando la propiedad sin contrato alguno, aun cuando le solicitaron el desalojo. Por consiguiente, solicitó el desahucio conforme al Artículo 623 del Código de Enjuiciamiento Civil, costas, gastos y honorarios de abogados, y la imposición de una penalidad por cada día que la parte apelada ocupara la propiedad hasta su desalojo.

El 5 de marzo de 2025, CCATT presentó una *Moción de Desestimación a tenor con la Regla 10.3 de las de Procedimiento Civil y Solicitud de Sanciones a tenor con las Reglas 9.1, 9.3, 44.1(D) y 44.2 de las de Procedimiento Civil.*[2] En esencia, alegó que la Escritura de adquisición por parte de Inland incluía una cláusula en la que expresaba que la parte apelante asumía el arrendamiento del que CCATT formaba parte. Por lo que, solicitó la desestimación de la demanda ante la insuficiencia jurídica de las alegaciones e imposición de honorarios de abogado por temeridad.

El 8 de abril de 2025, Inland presentó su oposición a la moción de desestimación.[3]

Evaluadas las mociones, el 2 de mayo de 2025, el foro primario notificó la *Sentencia* apelada.[4] Mediante esta, declaró *Ha Lugar* la desestimación solicitada por

---

[2] *Moción de Desestimación a tenor con la Regla 10.3 de las de Procedimiento Civil y Solicitud de Sanciones a tenor con las Reglas 9.1, 9.3, 44.1(D) y 44.2 de las de Procedimiento Civil*, págs. 14-69 del apéndice del recurso.
[3] *Oposición a "Moción de Desestimación a tenor con la Regla 10.3 […]*, págs. 70-78 del apéndice del recurso.
[4] *Sentencia,* págs. 79-89 del apéndice del recurso.

CCATT. Determinó que, conforme surgió de la evidencia presentada, ACM e Inland suscribieron la Escritura sobre el arrendamiento a favor de IWG. Dicha Escritura contenía una cláusula referente al arrendamiento, la cual, suponía un reconocimiento expreso de Inland de que la posesión de la propiedad adquirida estaba sujeta al arrendamiento con la parte apelada.

Inconforme, el 2 de junio de 2025, Inland presentó el recurso de apelación en el que señala el siguiente error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE LA DEMANDANTE-RECURRENTE HABÍA ASUMIDO UN CONTRATO DE ARRENDAMIENTO PREVIAMENTE CANCELADO, BASÁNDOSE ÚNICAMENTE EN EL HECHO DE QUE EN LA ESCRITURA DE COMPRAVENTA SE IDENTIFICÓ LA EXISTENCIA DE UN OCUPANTE EN PARTE DEL INMUEBLE, SIN QUE ELLO CONSTITUYERA -NI PUDIERA INTERPRETARSE COMO- MANIFESTACIÓN DE CONSENTIMIENTO, SUBROGACIÓN CONTRACTUAL NI RATIFICACIÓN ALGUNA DE LOS TÉRMINOS DEL ALEGADO CONTRATO.

El 3 de junio de 2025, la parte apelada presentó una *Urgente Moción de Desestimación al amparo de la Regla 83(B)(1) del Reglamento del Tribunal de Apelaciones*. En esta, solicitó la desestimación del recurso por falta de jurisdicción.

Evaluada la moción, el 5 de junio de 2025, emitimos una *Resolución,* mediante la cual le concedimos a Inland hasta el 12 de junio de 2025, para que mostrara causa por la cual no debíamos desestimar el recurso ante su alegada presentación tardía.

En cumplimiento con nuestra orden, Inland presentó *Moción en Oposición a Moción de Desestimación al Amparo de la Regla 83(B)(1) del Reglamento del Tribunal de Apelaciones*. En esencia, esbozó que el recurso de epígrafe se dirige a impugnar una sentencia de

desestimación, y no sobre una sentencia de desahucio. Por lo que, se trataba de una determinación interlocutoria con efectos de sentencia final y no adjudicó el caso.

En la misma fecha, CCATT presentó una *Solicitud de Término para Presentar Breve Réplica a la Oposición presentada por la Apelante*.

Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**-A-**

Es norma reiterada en nuestro ordenamiento jurídico que la falta de jurisdicción sobre la materia no es susceptible de ser subsanada. *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007). La jurisdicción no se presume; la parte tiene que invocarla y acreditarla, toda vez que, previo a considerar los méritos de un recurso, el tribunal tiene que determinar si tiene facultad para entender en el mismo. *Soc. de Gananciales v. AFF*, 108 DPR 644 (1979). Lo anterior tiene el propósito de colocar al tribunal apelativo en condición de examinar su propia jurisdicción, lo cual es su obligación. *Ghigliotti v. ASA*, 149 DPR 902 (2000). Además, los tribunales tenemos siempre la obligación de ser guardianes de nuestra propia jurisdicción, pues sin jurisdicción no estamos autorizados a entrar a resolver los méritos del recurso. *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345 (2003).

De conformidad con lo anterior, se entiende que un recurso prematuro es aquel presentado en la Secretaría de un tribunal apelativo antes de que este tenga jurisdicción. *Hernández v. Marxuach Const. Co.,* 142 DPR

492 (1997). Consecuentemente, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357 (2001). Por tanto, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación, no ha habido autoridad judicial o administrativa para acogerlo. *Juliá et al. v. Epifanio Vidal, S.E.,* supra.

Cónsono con lo anterior, este Foro puede desestimar, a petición de parte, por medio de la Regla 83(B)(1) de nuestro Reglamento, o *motu proprio*, mediante la Regla 83(C), un recurso por falta de jurisdicción. 4 LPRA Ap. XXII-B.

**-B-**

El Código de Enjuiciamiento Civil de Puerto Rico regula en su Subtítulo III lo concerniente al procedimiento de desahucio y, a tales propósitos, establece las normas vigentes sobre la acción de desahucio y establece el procedimiento a cumplir en su trámite ante los tribunales. 32 LPRA 2821, *et seq*. Entre las disposiciones relativas al desahucio allí reguladas, se encuentra el término que la parte afectada por una sentencia en un procedimiento de desahucio tiene para apelar. Así, el Artículo 628 del Código de Enjuiciamiento Civil dispone que en los juicios de desahucio la parte contra la cual recaiga sentencia podrá apelar la misma conforme a lo dispuesto en la Ley de la Judicatura de 2003. 32 LPRA Sec. 2830.

En cuanto al término específico para las apelaciones, el Artículo 629 del mismo código dispone que "[l]**as apelaciones deberán interponerse en el**

**término de cinco (5) días, contados desde la fecha de archivo en autos de la notificación de la sentencia,** por las partes perjudicadas por la misma o sus abogados." 32 LPRA Sec. 2831. (Énfasis nuestro).

### III.

En el caso de autos, el 2 de mayo de 2025, el foro primario emitió y notificó la *Sentencia* apelada, mediante la cual declaró *Ha Lugar* la moción de desestimación instada por la parte apelada. Inconforme, el 2 de junio de 2025, Inland presentó el recurso de epígrafe.

El 3 de junio de 2025, CCATT presentó una moción de desestimación al amparo de la Regla 83(B)(1) de nuestro Reglamento. Sostiene que, al tratarse de un procedimiento sumario de desahucio en precario, la parte apelante tenía cinco (5) días para acudir ante este Foro. Por consiguiente, expirado el término jurisdiccional, carecíamos de jurisdicción para atender la *Apelación*.

El 12 de junio de 2025, en cumplimiento con nuestra orden, Inland presentó su oposición a la moción de desestimación. En esencia, alega que la sentencia apelada atendió una moción de desestimación al amparo de la Regla 10.3 de Procedimiento Civil, sin adjudicar el pleito en sus méritos. A su vez, añade que el foro *a quo* no incluyó una disposición para fijar la fianza, siendo un requisito *sine qua non* para perfeccionar la apelación.

Conforme a la normativa antes expuesta, el término de cinco (5) días para presentar una apelación de una sentencia en un caso de desahucio, es de naturaleza jurisdiccional y comienza a transcurrir desde la

notificación de la sentencia emitida por el foro apelado.

De otra parte, el Artículo 630 del Código de Enjuiciamiento Civil establece que, "[n]o se admitirá al **demandado** el recurso de apelación si no otorga fianza, por el monto que sea fijado por el tribunal, para responder de los daños y perjuicios que pueda ocasionar al **demandante** […]".

Así las cosas, el término de cinco (5) días que tenía Inland para presentar su *Apelación* venció el 9 de mayo de 2025. Al haberse presentado el recurso el 2 de junio de 2025, resulta forzoso concluir que el mismo es tardío, debido a que fue instado luego de transcurrido el término dispuesto en Ley. De igual forma, concluimos que no procede el reclamo de la fianza, puesto que, la parte perjudicada fue la parte demandante.

Por consiguiente, el incumplimiento con el término de cinco (5) días, nos priva de jurisdicción para atender la controversia planteada. Así pues, procede la desestimación del recurso de apelación por falta de jurisdicción ante su presentación tardía.

### IV.

Por los fundamentos antes expuestos, **DESESTIMAMOS** el recurso de epígrafe por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones