Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| ESTADO LIBRE ASOCIADO DE PUERTO RICO, ADMINISTRACIÓN DE VIVIENDA PÚBLICA P/C SP MANAGEMENT CORP.<br><br>Apelante<br><br>v.<br><br>GABRIELA SERRANO MOTTA<br><br>Apelado | KLAN202400725 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024CV04250<br><br>Sobre: DESAHUCIO |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de septiembre de 2024.

Comparece la parte apelante, Gabriela Serrano Motta, y nos solicita que revoquemos una Sentencia En Rebeldía. Mediante dicha Sentencia, el Tribunal de Primera Instancia declaró Ha Lugar la Demanda y, en consecuencia, decretó el desahucio y ordenó el desalojo de la propiedad ubicada en el Residencial Las Margaritas III, Edificio 50, Apartamento 873, San Juan, Puerto Rico 00915.

Por las razones que expondremos a continuación, *desestimamos* el recurso por falta de jurisdicción por prematuro.

**I.**

Según surge del expediente del caso ante nuestra consideración, el 10 de mayo de 2024, el Estado Libre Asociado de Puerto Rico presentó una Demanda sobre Desahucio por Incumplimiento en contra de la apelante. Ese mismo día, el Tribunal expidió el emplazamiento y citación de desahucio. Surge, además, que la apelante fue debidamente emplazada personalmente el 13 de mayo de 2024.

Así las cosas, la Vista de Desahucio se celebró el 23 de mayo de 2024. A la vista compareció la representación legal de la apelada. Sin embargo, la parte apelante no compareció por sí ni mediante representación legal. Luego de celebrada la vista y ante la incomparecencia de la parte apelante, el Tribunal anotó la rebeldía y dictó Sentencia declarando Ha Lugar la Demanda. Dicha Sentencia En Rebeldía fue notificada el 31 de mayo de 2024.

En desacuerdo, el 6 de junio de 2024, la apelante presentó una solicitud de reconsideración la cual fue declarada No Ha Lugar mediante Resolución notificada el 10 de junio de 2024. Inconforme, la parte apelante presentó Apelación ante este Tribunal el 30 de julio de 2024 y señaló la comisión del siguiente error:

> **Erró el Honorable Tribunal de Primera Instancia, Centro Judicial de San Juan, Sala Superior al dictar Sentencia en rebeldía.**

## A. La jurisdicción

Es norma reiterada en nuestro ordenamiento que la falta de jurisdicción sobre la materia no es susceptible de ser subsanada. *MCS Advantage v. Fossas Blanco,* 211 DPR 135 (2023); *S.L.C. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007). La jurisdicción no se presume. *Maldonado v. Junta de Planificación*, 171 DPR 46 (2007). La parte tiene que invocarla y acreditarla toda vez que, previo a considerar los méritos de un recurso, el tribunal tiene que determinar si tiene facultad para entender en el mismo. *Soc. de Gananciales v. A.F.F.,* 108 DPR 644 (1979). Lo anterior tiene el propósito de colocar al tribunal apelativo en condición de examinar su propia jurisdicción, lo cual es su obligación. *Ghigliotti v. A.S.A.,* 149 DPR 902 (2000). Además, los tribunales tenemos siempre la obligación de ser celosos guardianes de nuestra propia jurisdicción, por lo que los asuntos relacionados con esta son privilegiados y deben atenderse con prioridad. *Municipio de Aguada v. W*

*Construction, LLC y otros*, 2024 TSPR 69, 213 DPR ___ (2024); *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345 (2003).

De conformidad con lo anterior, se entiende que un recurso prematuro es aquel presentado en la Secretaría de un tribunal apelativo antes de que éste tenga jurisdicción. *Hernández v. Marxuach Const. Co.*, 142 DPR 492 (1997). Consecuentemente, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357 (2001). Por tanto, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación, no ha habido autoridad judicial o administrativa para acogerlo.

Así pues, los tribunales no tenemos discreción para asumir jurisdicción donde no la hay. *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019); *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980). Así, reiteramos que la falta de jurisdicción no puede ser subsanada, ni podemos arrogarnos la jurisdicción que no tenemos. *Maldonado v. Junta de Planificación, supra.* Incluso, aunque la parte no lo planteen, estamos obligado a velar por nuestra jurisdicción. *Lagares v. E.L.A.,* 144 DPR 601 (1997). Por tanto, un recurso prematuro nos impide entrar en sus méritos puesto que, en tales circunstancias, carecemos de jurisdicción. *Juliá et al. v. Epifanio Vidal, S.E., supra.*

De conformidad con lo anterior, la Regla 83 de nuestro Reglamento, 4 LPRA Ap. XXII-B, la cual regula el desistimiento y la desestimación, nos da la facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción.

Así, también, es norma reiterada que el perfeccionamiento adecuado de los recursos ante este Tribunal debe observarse

rigurosamente. *Hernández Maldonado v. Taco Maker*, 181 DPR 281 (2011); *García Ramis v. Serrallés*, 171 DPR 250, 250 (2007).

**B. Desahucio**

El desahucio es un procedimiento especial de naturaleza sumaria cuya finalidad es recuperar la posesión de una propiedad inmueble mediante el lanzamiento o expulsión del arrendatario o precarista. *Mora Dev. Corp. v. Sandín*, 118 DPR 733 (1987). El Artículo 623 del Código de Enjuiciamiento Civil (32 LPRA sec. 2824) establece que el juicio se promoverá "por medio de demanda redactada conforme a los prescrito para el juicio ordinario por las Reglas de Procedimiento Civil y presentada aquella, se mandará a convocar al actor y al demandado para comparecencia, que deberá celebrarse dentro de los diez (10) días siguientes a aquel en que se presente la reclamación".

El día de la comparecencia se celebrará el juicio y en el expondrán por su orden las partes lo que a su derecho conduzca y formularán en el acto toda la prueba que les convenga. Artículo 625 del Código de Enjuiciamiento Civil (32 LPRA sec. 2826). Terminadas las pruebas, el juez o el tribunal dictará la sentencia, declarando haber o no ha lugar al desahucio, dentro de un término mandatorio no mayor de diez (10) días.

Así, si en dicha vista quedare demostrado que el mandamiento es contra una familia de probada insolvencia económica, el tribunal ordenará que se notifique a los Secretarios de los Departamentos de la Familia y de la Vivienda, con copia de la demanda de desahucio promovida. Artículo 623 del Código de Enjuiciamiento Civil, *supra*. Así pues, estas agencias evaluarán la condición socioeconómica de la familia y le brindarán la ayuda social que este justificada. Íd. Además, rendirán un informe al tribunal, en el término

improrrogable de treinta (30) días, sobre las ayudas a que la familia tenga derecho, y cuales se habrán de proveer. Íd.

Asimismo, el mencionado artículo dispone que, si en dicha vista queda demostrado que el mandamiento es contra una persona de edad avanzada o una persona con impedimento, el tribunal ordenará la notificación a la Oficina del Procurador de Personas de Edad Avanzada o la Oficina del Procurador de Personas con Impedimentos, según sea el caso, a fin de que estas entidades le brinden la ayuda que este justificada. Artículo 623 del Código de Enjuiciamiento Civil, *supra.*

La sentencia que declare con lugar la demanda de desahucio ordenará el lanzamiento del demandado, desde que dicha sentencia sea final y firme. Artículo 632 del Código de Enjuiciamiento Civil (32 LPRA sec. 2836). En aquellos casos en que el tribunal haya determinado la insolvencia económica de la familia contra la cual procede el desahucio, se notificará con copia de la sentencia, inmediatamente, a los Secretarios de los Departamentos de la Familia y de la Vivienda, para que estas agencias continúen brindando sus servicios a la familia afectada. Íd.

**III.**

En el recurso que nos ocupa, el 30 de mayo de 2024, el Tribunal de Primera Instancia emitió una Sentencia En Rebeldía, notificada a las partes el 31 de mayo de 2024. Surge de la Sentencia En Rebeldía que, el foro *a quo* eximió a la parte apelante de prestar fianza en apelación por haberse estipulado su insolvencia económica y ordenó que copia de dicha Sentencia fuera notificada al Departamento de la Vivienda. No obstante, el foro primario omitió notificar la Sentencia En Rebeldía al Departamento de la Familia tal

y como exige el Artículo 632 del Código de Enjuiciamiento Civil, *supra.*[1]

Por consiguiente, la notificación de la Sentencia en Rebeldía fue una incompleta, por lo que el término de cinco (5) días para recurrir ante este Tribunal no ha comenzado a transcurrir. No debemos perder de perspectiva que, para que un dictamen judicial adquiera validez legal no solo tiene que ser emitido, sino que también tiene que ser debidamente notificado. *Caro v. Cardona,* 158 DPR 592 (2003). Ello, pues adjudicarle efectos procesales a una determinación judicial no notificada trastocaría el andamiaje procesal y socavaría los cimientos del debido proceso de ley. Íd. Véase, además, *Rodríguez Mora v. García Llorens,* 147 DPR 305 (1998).

Indiscutiblemente, habiéndose presentado el presente recurso de apelación con antelación a que se haya notificado adecuadamente la Sentencia En Rebeldía y que comenzara a transcurrir el término para poder apelar, estamos ante un recurso prematuro.

Conforme a lo anterior, no tenemos jurisdicción para considerar el recurso en sus méritos. La falta de jurisdicción no puede ser subsanada, ni el Tribunal puede asumir la jurisdicción que no ostenta. *Maldonado v. Junta de Planificación, supra.* En tales situaciones solo contamos con facultad para declarar la ausencia de jurisdicción y no entrar en los méritos del recurso. Véase, Regla 83 del Reglamento del Tribunal de Apelaciones, *supra.*

---

[1] Según surge de la Moción de Reconsideración presentada por la parte apelante esta es madre soltera de un menor de 15 años.

## IV.

Por los fundamentos que anteceden, los que hacemos formar parte del presente dictamen, *desestimamos* el recurso de apelación por falta de jurisdicción por prematuro.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones